### CHICOPEE FOLDING BOX CO. *v.* NUGENT.[1]

*(Circuit Court, E. D. New York. December 31, 1889.*

1. PATENTS FOR INVENTIONS—PATENTABILITY.
    Where the evidence shows that the article made by complainant has commended itself to the trade, and is being accepted by the public as more desirable than are other known varieties, such public acceptance warrants the court in sustaining the patent, if no anticipating structure is shown, though the existence of patentable ingenuity in the invention is not apparent to the ordinary mind.
2. SAME—INFRINGEMENT—PAPER BOXES.
    On the evidence, *held*, that the paper boxes made by defendant are an infringement of letters patent No. 171,866, granted January 4, 1876, to Reuben Ritter, and an injunction should be granted.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

In Equity.

Final hearing in a suit to restrain infringement of the second claim of letters patent 171,866, for improvement in paper boxes, granted January 4, 1876, to Reuben Ritter. The claims reads as follows:

"(2) A box top consisting of the parts, $f$, $f^1$, $f^2$, $f^3$, connected together by notched extensions, $f^4$, passed through slots, $f^5$, in the manner and for the purpose described."

*Walter D. Edmonds*, for complainant, cited: (1) As to invention: *Palmer* v. *Johnston*, 34 Fed. Rep. 337; *Stegner* v. *Blake*, 36 Fed. Rep. 183; *Baldwin* v. *T. G. Conway Co.*, 35 Fed. Rep. 519; *Process Co.* v. *Distilling Co.*, 37 Fed. Rep. 534; *Marvin* v. *Gotshall*, 36 Fed. Rep. 908; *Safe-Deposit Co.* v. *Gas-Light Co.*, 39 Fed. Rep. 273; *Engine Co.* v. *Tool-Works*, 44 O. G. 1067, 34 Fed. Rep. 747; *Reiter* v. *Jones*, 35 Fed. Rep. 421; *Bogart* v. *Hinds*, 26 Fed. Rep. 149; *Parks* v. *Booth*, 102 U. S. 96; *Hailes* v. *Van Wormer*, 20 Wall. 353; *Railroad Co.* v. *Truck Co.*, 110 U. S. 490, 4 Sup. Ct. Rep. 220. (2) As to infringement: *Adams* v. *Manufacturing Co.*, 3 Ban. & A. 1; *Schlicht & Field Co.* v. *Sewing-Machine Co.*, 36 Fed. Rep. 585; *Root* v. *Railroad Co.*, 39 Fed. Rep. 283; *O'Reilly* v. *Morse*, 15 How. 63; *Regulator Co.* v. *Electric Co.*, 36 Fed. Rep. 196; *Machine Co.* v. *Murphy*, 97 U. S. 125.

*William A. Redding*, for defendant, cited: (1) As to invention: *Aron* v. *Railway Co.*, 26 Fed. Rep. 314; *Jones* v. *Clow*, 39 Fed. Rep. 785. (2) As to infringement: *Box Co.* v. *Stapler*, 5 Fed. Rep. 919; *Munson* v. *Hall*, 19 Fed. Rep. 320.

LACOMBE, J. This is one of those cases where, taking into consideration the prior state of the art, the existence of patentable ingenuity in the alleged invention is not apparent to the ordinary mind, although the inventor, the complainant, its expert, and its counsel seem to have no difficulty in detecting it. In this case, however, as in those of the police nippers, (*Baldwin* v. *T. G. Conway Co.*, 35 Fed. Rep. 519,) of the sash balance, (*Palmer* v. *Johnston*, 34 Fed. Rep. 337,) of the internally heated fixing chamber, (*Safe-Deposit Co.* v. *Gas-Light Co.*, 39 Fed. Rep. 273,) and of the other patents referred to in argument, the evidence shows that complainant's style of box has commended itself to the trade, and is being accepted by the public as more desirable, at least for certain purposes, than are the other known varieties. This public acceptance is persuasive, and may be considered as sufficiently fortifying complainant's testimony to warrant the court in sustaining the patent, if no anticipating structure is shown.

The patent in suit relates to paper boxes and box covers cut out of a single sheet of paper, and known as "knock-down" boxes. They are sold, shipped, and stored flat. When put in use, their sides and ends are bent upwards, and flaps, projecting from the sides, are passed around the corners, and inserted into slots in the ends. There is thus formed a shallow rectangular box, with rectangular sides, which is held in shape without the use of rivets, mucilage, or any foreign substance. Paper-boxes formed out of a single sheet of paper, and retaining their shape by

an interlocking, into slots of projection of their own material, were old. Plaintiff claims the application to such boxes, in combination with their shape, of the peculiar locking device described in his patent.    The flap projection from the side strip is shaped thus, (the dotted line representing the corner around which it is bent:)

The slot into which it is inserted is located in the end strip, perpendicular to the bottom of the box, and therefore parallel with the inner edge of the projection at the end of the flap.   The slot is longer than the width of the flap which is to be thrust into it, and is located at such a distance from the corner that, when the box is set up and the flap thrust in, the projection of the latter will just pass within the box.    The peculiar feature of this method of locking which complainant relies upon is the circumstance that the projection engages the straight edge of the projection with the straight edge of the slot; such engagement taking place sometimes at one point, sometimes at another, and sometimes, again, throughout the entire length of the projection.   One supposed benefit derived from this peculiar mode of engagement is the securing of a greater degree of automatic adjustibility, the box more readily accommodating itself to slight variations in the position of the parts relatively to each other, whether caused by imperfect cutting out of the blank, or by carelessness in setting it up.   This is said to be an important feature, in view of the fact that in such setting up the customer generally uses unskilled labor.   Another supposed benefit is that, by making the slot parallel with the vertical edge forming the corner, and longer than the width of the flap, the entire locking end may be introduced into the slot easily, without twisting, bending, or doubling over, and thus a more brittle, poorer, and cheaper quality of paper may be used, and the cost of the article reduced.

The defendant insists that the device does not act as plaintiff claims, but that the projection hooks into the upper corner of the slot,—a circumstance which, in view of the prior state of the art, would, no doubt, be fatal to the patent.   Upon this the expert witnesses are not in accord, and to facilitate its determination defendant's counsel introduced upon the argument many illustrative models.   Though not strictly admissible, not having been put in proof as exhibits, they have been carefully considered, and were of much assistance in studying the practical operation of the various locking devices described in the several patents.   From an examination of these models, it appears that, when the complainant's box is constructed of smooth thin paper, its locking device does not always engage straight edge to straight edge, but either pulls out, or retains its hold solely by hooking in to the upper corner of the slot; and the same happens when use has widened the slot, either by wearing off some of its material or by springing it open.   The exhibits in the case, however, are of a different grade of paper,—coarser and thicker than is that of which the illustrative models were made.   The slot is a mere slit in the

paper, (or card-board,) no material being removed, and the natural tendency of the material through which the slit is made is to come together again. When a flap with a projection, such as is shown in the cut above, is thrust through the slit from the outside, this tendency operates to bend the flap inwards, and the coarser the material the more marked does such tendency become. Thus, when a pull comes, the straight edge of the the thick card-board composing the projection of the flap is brought up against the straight edge of the slit through which it was thrust. The exhibits seem to support complainant's contention as to the way in which its locking device works.

In the various patents put in evidence there is no anticipation of this mode of engagement. The locking devices described in them hook into one or other end of the slot. They do not engage straight edge to straight edge; and the second claim of the complainant's patent, restricted to a locking device with straight-edge engagement as above set forth, must therefore be sustained. The only difference between this device and the projecting flap of defendant's box is one of form. The notch in the latter projects, not upward, but inward; being produced by doubling the end of the flap over upon itself, and riveting it down. It is, however, located parallel to the vertical corner, slips in without bending, is brought into activity by the pressure of the material through which the slot is cut, and engages with such material, straight edge to straight edge. The structures complained of, therefore, infringe the second claim of the patent, and there must be a decree for the complainant.