## AMERICAN PAPER PAIL & BOX CO. *et al. v.* NATIONAL FOLDING BOX & PAPER CO.

*(Circuit Court of Appeals, Second Circuit.* July 20, 1892.)

1. PATENTS FOR INVENTIONS — PRELIMINARY INJUNCTION — PRIOR ADJUDICATION—APPEAL.

On appeal from a preliminary injunction, the prior adjudication on which such injunction was based will, in the absence of some controlling reason, have the same weight with the circuit court of appeals which it should have had with the circuit court which granted the injunction.

2. SAME.

The review of the interlocutory order for an injunction cannot be converted into a review of the final adjudication upon which it is based; but while the circuit court, upon a motion for an injunction, might deem itself constrained, contrary to its own judgment, to adopt the rulings of another circuit court upon questions of law made at final hearing, the circuit court of appeals is at liberty to re-examine such rulings, dispose of the questions of law conformably to its own convictions, and accord to the former adjudication such weight as in its own judgment such adjudication was entitled to upon the motion.

3. SAME—IMPROVEMENT IN PAPER BOXES—INFRINGEMENT.

The circuit court for the southern district of New York having adjudicated the validity of the second claim of letters patent No. 171,866, for an improvement in paper boxes, (41 Fed. Rep. 139,) thereafter granted a preliminary injunction, based upon such prior adjudication, against a third party, (48 Fed. Rep. 913,) no new de-

fenses having been interposed. *Held,* on appeal to the circuit court of appeals for the second circuit, that the prior adjudication would have the same weight with the circuit court of appeals which it had with the circuit court.

4. SAME—INFRINGEMENT—PAPER BOXES.

The second claim of letters patent No. 171,866, issued January 4, 1876, to Reuben Ritter for an improvement in paper boxes, describes a box consisting of a single sheet of paper, and retaining its shape by the interlocking of flaps projecting from the sides into slots in the ends. The slots are perpendicular to the bottom of the box, and made longer than the width of the flaps, so that when adjusted the straight edge of the flap engages with the straight edge of the slot, and does not merely hook into the corner of it. In defendant's box the projections of the flaps are substantially the same as those of the patent. The slots, however, are at an angle with the vertical corner of the box, instead of parallel with it, but the straight edge of the projection is also altered, so that its locking edge and the locking edge of the slot are parallel with each other. A transverse slot is added at the upper extremity of the locking slot, but on the examination of models it appears that the projection and slot engage straight edge to straight edge. *Held,* that there is infringement, notwithstanding the apparent differences. 48 Fed. Rep. 913, affirmed.

Appeal from the Circuit Court for the Southern District of New York.

In Equity. Bill by the National Folding Box & Paper Company against the American Paper Pail & Box Company and Isador Tahl, for infringement of letters patent No. 171,866, granted January 4, 1876, to Reuben Ritter for an improvement in paper boxes. Order granting a preliminary injunction, (48 Fed. Rep. 913,) based on a prior adjudication, (41 Fed. Rep. 139,) from which defendants appeal. Affirmed.

The patent in suit relates to paper boxes and box covers cut out of a single sheet of paper, and known as "knock-down" boxes. They are sold, shipped, and stored flat. When put in use, their sides and ends are bent upwards, and flaps, projecting from the sides, are passed around the corners, and inserted into slots in the ends. There is thus formed a shallow rectangular box, with rectangular sides, which is held in shape without the use of rivets, mucilage, or any foreign substance. The slot into which the flap is inserted is located in the end strip, perpendicular to the bottom of the box, and therefore parallel with the inner edge of the projection at the end of the flap. The slot is longer than the width of the flap, which is to be thrust into it, and is located at such a distance from the corner that, when the box is set up and the flap thrust in, the projection of the latter will just pass within the box. The peculiar feature of this method of locking which complainant relies upon is the circumstance that the projection engages the straight edge of the projection with the straight edge of the slot; such engagement taking place sometimes at one point, sometimes at another, and sometimes, again, throughout the entire length of the projection. One supposed benefit derived from this peculiar mode of engagement is the securing of a greater degree of automatic adjustability, the box more readily accommodating itself to slight variations in the position of the parts relatively to each other, whether caused by imperfect cutting out of the blank, or by carelessness in setting it up.

*Walter D. Edmonds,* for complainant.

The previously adjudicated construction and validity of the patent is, on this appeal from an order, as conclusive on this court as upon the learned judge below.

The doctrine is established that, on motion for preliminary injunction, prior adjudication after contest is, in absence of opposing and cogent evidence by defendants of new defense, or of collusive or imperfect presentation of former defense, *res adjudicata* as to construction and validity of patent, and, provided infringement is found, entitles complainant to a preliminary injunction as a matter of substantial right. *Manufacturing Co.* v. *Hickok*, 20 Fed. Rep. 116; *Refrigerating Co.* v. *Gillett*, 31 Fed. Rep. 809; *Searls* v. *Worden*, 11 Fed. Rep. 501, 502; *Purifier Co.* v. *Christian*, 3 Ban. & A. 42, 43; *Jones* v. *Merrill*, 8 O. G. 401; *Page* v. *Burglar Alarm Tel. Co.*, 2 Fed. Rep. 330; *Blake* v. *Rawson*, 6 Fish. Pat. Cas. 74; *Coburn* v. *Clark*, 15 Fed. Rep. 804; *Coburn* v. *Brainard*, 16 Fed. Rep. 412; *Cary* v. *Spring Bed Co.*, 26 Fed. Rep. 38.

On the record herein, no error was committed below in adopting the construction and validity of the patent established by said unreversed test case. Appellee affirmatively proved herein that all known defenses were tried in said case. Appellant did not deny this. The judge below, being same who tried that case, has expressly found, as a matter of fact, that "no new defenses are interposed" herein. By said prior adjudication, under the circumstances, was settled for the circuit judge below, and for every circuit in the United States, and also for this court of appeals, on mere appeal from order, the construction and meaning of the patent, and novelty, utility, and patentability of Ritter's invention in view of the prior state of the art.

Such prior adjudication, made on testimony sifted by cross-examination, should not be set aside on mere *ex parte* experts' affidavits presenting no new defenses. Complainant is entitled to a cross-examination of defendants' experts before being deprived of the advantage of its previous decree, duly rendered upon final hearing. Contrary practice would practically prevent all preliminary injunctions, (now substantially dependent on prior adjudication,) because interested experts' affidavits, sustaining almost any novel and confusing theory, are readily attainable. But these should not prevail over the construction and interpretation of an impartial judge. There is therefore here no question open for review except infringement.

*R. Bach McMaster*, for defendants.

Before WALLACE and SHIPMAN, Circuit Judges.

SHIPMAN, Circuit Judge. This is an appeal by the defendants from an interlocutory order of the circuit court for the southern district of New York, which granted a preliminary injunction against the defendants for an infringement of the second claim of letters patent No. 171,-866, dated January 4, 1876, to Reuben Ritter, for an improvement in paper boxes, which are cut out of a single sheet of paper, and in which the sides interlock with each other by means of projecting flaps inserted into slots in the paper. The original adjudication upon the validity of the second claim of the patent was made by Judge LACOMBE in *Folding Box Co.* v. *Nugent*, reported in 41 Fed. Rep. 139. The opinion contains a description of the patented device, and of the peculiarity of the projection and slots which the court found to be the subject of the claim. Upon the present motion, the circuit court followed its previous construction of the patent, "especially in view of the fact that no new defenses are interposed." The appeal calls upon this court to state

its position, as an appellate court, in regard to motions of this character, and particularly with respect to the weight which is to be given to the previous adjudication, which is generally the foundation of a preliminary injunction. The appellate court is to examine the interlocutory decision of the circuit court in the light of the affidavits, and of the history of the patent, and the adjudications thereon, which were presented to that court. The adjudication upon which the motion for preliminary injunction was based, not being the subject of the appeal, it is to have the same weight which it should have before the circuit court. But while the circuit court, upon a motion for an injunction, might deem itself constrained, contrary to its own judgment, to adopt the rulings of another circuit court upon questions of law made at final hearing, this court is at liberty to re-examine such rulings, dispose of the questions of law conformably to its own convictions, and accord to the former adjudications such weight as in its own judgment it was entitled to upon the motion. In the absence of some controlling reason for disregarding it, the former adjudication should have the same weight in this court which it has as the foundation for a preliminary injunction before the circuit court. The effect which is to be given such adjudication in the circuit court is well stated in the syllabus of Mr. Justice MILLER's opinion in *Purifier Co.* v. *Christian*, 3 Ban. & A. 42, as follows:

"Where a patent has been established by a decision of a circuit court, after careful consideration, that decision is entitled to very great weight in a subsequent application, either before the same court or any other for a preliminary injunction or any preliminary relief."

We concur in this statement of the law. Appeals from orders are not to be confounded with appeals from final decrees, and the rule which we have thus stated will not prevent our review of the adjudication itself, whenever it and the record upon which it was made shall be presented upon appeal. The tendency of any different rule would be to produce confusion, and convert the review of the interlocutory order into a review of the final adjudication upon which it was founded. Under this statement of the questions upon the appeal, we follow, upon this hearing, the construction of the second claim of the patent which was adopted by Judge LACOMBE in the *Nugent Case*, and which sustained its novelty and patentability. His theory was that the second claim referred to a method of locking, whereby the flap projection is not hooked into a corner of the slot, but where the straight edge of the projection is engaged with the straight edge of the slot, "such engagement taking place sometimes at one point, sometimes at another, and sometimes, again, throughout the entire length of the projection; in other words, as was stated in the decision which was appealed from, the patent was limited to a locking device which operated by the engagement of a hooking device with a slot, not at a single point of contact, but where the hook and slot were so arranged as to be brought in contact straight edge to straight edge." One advantage of this method is that the fragile material of the box is not so easily torn as it is when the projection is hooked into a corner or end of the slot, and a sudden strain is brought

to bear upon one angular point. The question of infringement is thus the only substantial one which is to be disposed of upon this appeal.

The projecting portions of the retaining pieces in the defendants' box are substantially the same as those which are shown in the second claim. One difference in the slots of the two devices is that the slot of the infringing box is at an angle with the vertical corner of the box instead of parallel with it. But the straight edge of the projection having also been altered, so that both the locking edge and the edge of the slot are parallel with each other, there is no difference in the mode of operation. Another, and apparently more important, difference is that a transverse slot has been added at the upper extremity of the locking slot. This change raises the question whether the locking in the defendants' box is not performed by a hooking of the flap into the angle in the slot so that the engagement is at a single point of contact. But an examination of the box shows that a portion of the defendants' slot is manifestly upon a straight edge with the projection, and that the strain is substantially along this portion of the slot which is parallel with the projection, and that the idea that the locking is caused by the hooking of the projection into the angle of the slot, though attractive at first sight, is not sustained by the facts. We concur with the circuit court upon the question of infringement, and its order is affirmed.