NATIONAL FOLDING BOX & PAPER CO. v. PHOENIX PAPER CO.,
Limited, et al.

(Circuit Court, E..D. New York. May 18, 1893.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—PRIOR ADJUDICATIONS.
   In a suit for infringement of a patent, where it appears that the courts of other circuits have already sustained the validity of the patent as against all the defenses now made save that of anticipation by reason of certain patents not before in evidence, and have also found that defendants infringed, the court will accept those decisions, and examine only the anticipation alleged.

2. SAME—VALIDITY—ANTICIPATION—PAPER BOXES.
   Letters patent No. 171,866, issued January 4, 1876, to Reuben Ritter for an improvement in paper boxes, were not anticipated by prior inventions, and are valid.

In Equity. Suit by the National Folding Box & Paper Company against the Phoenix Paper Co., Limited, and others, for infringement of a patent. Decree for complainant.

Walter D. Edmonds, for complainant.
Billings & Cardozo, (R. B. McMaster, of counsel,) for defendants.

BENEDICT, District Judge. This is an action founded upon the second claim of letters patent No. 171,866, dated January 4, 1876, issued to Reuben Ritter, for an improvement in paper boxes. The patent has expired. The main defense in the case is a defect in title, although the defenses of lack of novelty in invention and noninfringement are set up in the answer. The patent has been several times examined by the courts of the United States, and the question of the validity of the patent has been passed upon by this court. See Box Co. v. Nugent, 41 Fed. Rep. 139; National Folding Box & Paper Co. v. American Paper Pail & Box Co., 48 Fed. Rep. 913, 51 Fed. Rep. 229. Moreover, the infringement here complained of has been before the circuit court of New Jersey, and also before the circuit court of the southern district of New York. The question of title raised in this case has also been passed upon by the circuit court for the southern district of New York. National Folding Box & Paper Co. v. American Paper Pail & Box Co., 55 Fed. Rep. 488. Under these circumstances, the only question open for consideration on this occasion is whether certain patents set up in this case, which were not set up in the former cases, can affect the decision. At the argument these patents were not seriously relied upon, as it seemed to me, and upon examination I find nothing in them which impugns the validity of the patent. In regard to the title of the complainant in the patent in question, my opinion coincides with that of Judge Coxe, who examined the question.

There must be a decree for the complainant for an accounting.