## NATIONAL FOLDING—BOX & PAPER CO. v. ELSAS et al.

### (Circuit Court, S. D. New York. December 6, 1894.)

1. PATENTS—ACTIONS FOR INFRINGEMENT—PRIOR DECISIONS.

   The validity of a patent which has been a frequent subject of litigation, and invariably has been sustained, is not open to controversy in a circuit court.

2. SAME.

   On the question of infringement, where it appears that devices very similar to defendants' have been held to infringe in several cases, the decision granting a preliminary injunction in the case, directly on the point involved, and made after careful examination of defendants' device, should be followed on final hearing, especially where no injunction can issue, and a speedy review can be had.

3. SAME.

   The Ritter patent, No. 171,866, for an improvement in paper boxes, held valid, and infringed.

This was a suit by the National Folding-Box & Paper Company against Herman Elsas and David Keller for infringement of letters patent No. 171,866, granted to Reuben Ritter, January 4, 1876, for an improvement in paper boxes.

On motion by complainant for a preliminary injunction, the following opinion was rendered by Lacombe, Circuit Judge:

"A careful examination of the exhibits introduced by the defendants, as samples of the locking device in the boxes sold by them, leads me to the conclusion that the projection does not accomplish its purpose by hooking over the material at the end of the slot, but engages with the edge of the slot itself. The illustrative model, in which the slot is prolonged, makes this quite clear; and the slot is narrow enough to act substantially as a slit in bending the projection so as to give a straight edge engagement. I am unable to differentiate it, in action, from the device which was before the court in National Folding-Box & Paper Co. v. American Paper Pail & Box Co., nor do I think defendants have shown such laches on the part of complainant or its predecessors as should defeat this application for a preliminary injunction. Motion granted."

Walter D. Edmonds, for complainant.

Arthur v. Briesen (E. E. Wood and Edward Boyd, on the brief), for defendants.

COXE, District Judge. The validity of the complainant's patent is no longer open to controversy in this court. It has been the fre-

quent subject of litigation and has, invariably, been sustained. Box Co. v. Nugent, 41 Fed. 139; National Folding-Box & Paper Co. v. American Paper Pail & Box Co. (on preliminary injunction) 48 Fed. 913, affirmed 51 Fed. 229, 2 C. C. A. 165; same, on final hearing, 55 Fed. 488; National Folding-Box & Paper Co. v. Phoenix Paper Co., 57 Fed. 223.

Upon the question of infringement also the defendants are confronted by four circuit court decisions and one decision of the circuit court of appeals, holding that devices very similar in construction infringe the second claim of the Ritter patent. There is also the decision of this court directly upon the point involved. It is true that this decision was not made at final hearing, but upon a motion for a preliminary injunction; but it is also true that it was made by the judge who decided the original case, after "a careful examination of the exhibits introduced by the defendants as samples of the locking device in the boxes sold by them." He was clearly of the opinion that the defendants' flap did not hook into the angle of the slot and engage at a single point, but that there was a straight-edge engagement. In such circumstances the decorous and orderly administration of justice requires that the prior decision should be followed, and especially so in a case where no injunction can issue and a speedy review can be had.

The court has examined the complainant's title, in the light of the defendants' accusations, and is of the opinion that it is sufficiently established.

The patent having expired pendente lite the complainant is entitled to a decree for an accounting, with costs.