CONSOLIDATED RUBBER TIRE CO. et al. v. FIRESTONE TIRE & RUB·
BER CO.

(Circuit Court, S. D. New York.    July 20, 1906.)

No. 8,992.

PATENTS—INVENTION—RUBBER TIRED WHEEL.

The Grant patent, No. 554,675, for a rubber tired wheel, discloses invention and is valid; the rocking or tilting of the tire when compressed on either side being an inherent function, when the tire is made in accordance with the directions of the patent.  Also, *held* infringed.

In Equity.  On final hearing.

Thomas W. Bakewell, Paul A. Staley, and Border Bowman, for complainants.

Charles C. Linthicum, for defendant.

PLATT, District Judge.  This is a patent suit in the usual form, alleging infringement of Grant patent, No. 554,675, February 18, 1896, for a rubber tire.  Judge Thomas sustained this patent in Rubber Tire Wheel Co. v. Col. Pneu. W. Co. (C. C.) 91 Fed. 978, and wrote a well-sustained opinion in support of his conclusion.  The defeated parties in that cause have become by business arrangements connected with the complainants in the present suit.

Several other judges followed the reasoning presented by Judge Thomas, until it happened that Judge Wing had the matter up in the Circuit Court for the Northern District of Ohio, Eastern Division, and on December 9, 1901, he came, after an independent examination, to the same conclusion.  His decision was reversed by the Circuit Court of Appeals for the Sixth Circuit on May 6, 1902.  116 Fed. 363, 53 C. C. A. 583.  That tribunal was composed of very able and learned judges, from whose opinion it would be unwise to differ, unless the opposite conclusion were so obvious as to compel the mind and conscience.  Judge Thomas, in sustaining the patent, was convinced that in a general way no tire prior to Grant really did what Grant's tire did; that it required Grant's specific combination of parts to accomplish his results; that all combinations except Grant's lack harmony and disclose discordant notes; that therefore Grant did more than select and aggregate; that he actually invented something.  He found, among other things, that the specific arrangement of channel and tire was such that the rubber tire, when sharply compressed on either side, had a tendency to rock, or tilt, in the channel-iron; one wire acting as a pivot and the other as a retaining force, so that the tire would reseat itself.  This he thought was functional and inherent in the device when made according to the specifications.

The Circuit Court of Appeals, Sixth Circuit, found the turning point in the case to be at that point.  They concede that if the old parts selected from old combinations perform a new function, or operate in a new way to produce a new and beneficial result, enough will have appeared to constitute invention.  They say that the rocking and reseating idea is not expressed in the specifications, and that

it is not necessarily present in the device made under them, because the retaining wires must not be so tight that the wire would break or the rubber be cut before the tilting and reseating could take place, and must be loose enough to permit the rubber to move slightly, but not so loose as to permit the rubber to fall out of the rim of its own accord. This tension would depend upon the whim of the workman. The specifications being silent as to this function and the proper tension of the wires to permit the function, it is not an inherent characteristic of the device as explained. The following is a verbatim segment of the opinion:

"But, if the retaining wires were tightened to their full tension when their ends were welded or otherwise united, this capacity to rise or yield to the excessive strain applied to the rubber is not shown to exist."

The court practically admits that if the tilting movement had been mentioned, or even if a direction could be found in the specifications that the wires should be applied at the proper tension, it would be enough; but, taking the situation as they found it, they were convinced that the patent was "void for want of patentable novelty," and dismissed the bill.

In the suit at bar the complainants insist that they have settled by ample proof the question of the tipping capacity of the Grant tire. They claim to have shown beyond dispute that the rocking or tilting quality is inherent in the Grant construction, and that it cannot be destroyed by the tightness of the wires, but will be present and operative when the last extremity of tension, prior to breaking, has been reached. They say that defendant's expert clearly concedes the actual existence of that mode of operation in the Grant patent, which was the turning point in the Sixth Circuit appellate decision. It is fortunate for me that the patent in suit has been so thoroughly analyzed by so many eminent judges, for all of whom I have a deep regard. I am thereby relieved from what would be an agreeable, but exhaustive, bit of work. It is enough to say that upon the record as made up and presented to me the patent in suit is undoubtedly valid. I think that Grant evolved a meritorious and beneficial device, having great utility, and that it certainly required inventive genius of a high order to bring together different parts of old devices and to combine them in such a way as to give the world his tire. Many had tried before and failed. Many have tried since and failed. It is improbable that Grant's construction will be improved upon in our day, and it is beyond the bounds of possibility that so great a success can have sprung from an accidental feature, which just happened to be there, and, unsolicited, gave the world that great boon which the patentee believes himself to be entitled to be credited with, and about which the court has become satisfied that he is right.

The defendant denies the title in complainant. The complainant bought all assets, tangible and intangible, of the Rubber Tire Wheel Company, and is in possession. I think that there is enough shown to warrant the suit, especially as the important matter is to pass upon the validity of the Grant patent.

Defendant also denies infringement; but I think that "Complainant's Exhibit No. 3, Defendant's Rubber Tire Wheel," although obtained in a rather devious manner, is sufficient to settle the technical question of infringement, when the Grant patent is construed as I think it ought to be construed. It is true that in the exhibit as it now appears the vertices of the angle in the rubber tire do now and then come above the top of the rim; but non constat that it was always so, and, as I have said above, at any rate, it is enough for the main purpose of the suit.

Let the usual order be entered for the complainant.