CONSOLIDATED RUBBER TIRE CO. et al. v. DIAMOND RUBBER CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit. November 7, 1907.)

No. 131.

1. PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    Where a patent has been adjudged valid and infringed by the Circuit Court of Appeals, a circuit court within the circuit may properly grant a preliminary injunction against infringement by another on a showing that the two alleged infringing devices are not materially different.

2. SAME—REVIEW ON APPEAL.
    An appeal from an order granting a preliminary injunction against infringement of a patent brings up for review the propriety of the action of the Circuit Court in granting the injunction only, and the case will not be considered on the merits.

    [Review of interlocutory decree granting or continuing injunction in Circuit Court of Appeals, see notes to Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 484.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order for preliminary injunction entered in the Circuit Court for the Southern District of New York. The operation of the injunction was, by a subsequent order, suspended until after the hearing and determination of this appeal upon defendant giving a bond in the amount of $10,000.

Charles K. Offield and Charles C. Linthicum (Philip B. Adams, of counsel), for appellant.

Border Bowman, F. W. Bakewell, and C. W. Stapleton (Paul A. Staley, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Complainants are manufacturers of rubber tires, and respectively owner of and licensee under the Grant patent of February 18, 1896, No. 554,675, for improvements in rubber-tired wheels. Defendant is not a manufacturer, but handles and sells rubber tires for wheeled vehicles. The patent was before this court in Firestone Tire Co. v. Consolidated Rubber Tire Co. (C. C. A.) 151 Fed. 237. It was held that the patent was valid, and that certain tires then before it were infringements. On the application for preliminary injunction in the case at bar, it appeared that defendant had sold tires in all substantial respects the same as those held to be infringements in the Firestone Case. The record does not illuminate the prior art by the disclosure of any important prior patents or prior uses which were not contained in the record in the Firestone Case. Upon such a state of facts, the propriety of issuing preliminary injunction is well settled in this circuit; and it is equally well settled that appeal from such preliminary injunction brings up only the propriety of the action of the Circuit Court. The whole cause is not to be reopened. That is a matter for consideration when the new cause comes to final hearing. Am. Paper P. & B. Co. v. Nat. Folding B. & P. Co., 51 Fed. 229, 2 C. C. A. 165; Consolidated Fastener Co. v. Littauer, 84 Fed. 165, 28 C. C. A. 133.

The only real question now presented is whether the peculiar history of this patent requires a denial of preliminary injunction in view of the recent decision of the Supreme Court in Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065. As we stated in the Firestone Case, the patent was sustained in this circuit by Judge Thomas (Rubber Tire Wheel Co. v. Pneumatic Wagon Wheel Co. [C. C.] 91 Fed. 978); in the Sixth Circuit (Northern District of Ohio) by Judge Wing (unreported); in the Fifth Circuit by Judge Newman (Consolidated Rubber Tire Co. v. Finley R. T. Co. [C. C.] 116 Fed. 629). It was held invalid by the Court of Appeals, Sixth Circuit, in Goodyear Tire & R. Co. v. Rubber T. W. Co., 116 Fed. 363, 53 C. C. A. 583, and in Rubber Co. v. Victor Tire Co., 123 Fed. 85, 59 C. C. A. 215, and by Judge Anderson in the Seventh Circuit, District of Indiana (unreported). A certiorari to review the decision of the C. C. A. Sixth Circuit was denied. 187 U. S. 641, 23 Sup. Ct. 842, 47 L. Ed. 345. The patent was also indirectly involved in the decision of Rubber Tire W. Co. v. Milwaukee R. Works (C. C.) 142 Fed.

531. It came before Judge Platt in this circuit in the Firestone Case (C. C.) 147 Fed. 739, and was again sustained, and upon the appeal from his decision our opinion in that case (151 Fed. 237) was rendered. The record at that time before this court besides the testimony in the cause contained as an exhibit the record which was before the Circuit Court of Appeals, Sixth Circuit, in the Goodyear Case, and all the opinions above cited were also cited. Commenting upon the entire record then presented, this court said:

"In view of this new aspect of the case, we have no reason to doubt that on the present record the Court of Appeals of the Sixth Circuit would reach a conclusion favorable to the patent."

In Kessler v. Eldred, Eldred, the owner of a patent, sued Kessler, a manufacturer of electric cigar lighters, in the district of Indiana. The court found noninfringement, and dismissed the bill. Subsequently Eldred sued Kirkland, another manufacturer of similar lighters in the Western district of New York, was defeated at circuit, but prevailed in the Circuit Court of Appeals. Eldred next sued Breitweiser, a user of Kessler lighters, in the same district. While this last suit was pending, Kessler filed a bill in the Northern District of Illinois against Eldred to enjoin him from prosecuting any suit against any one for alleged infringement of the patent by purchase, use or sale of any cigar lighter manufactured by Kessler and identical with the lighter in evidence before the court in the first suit. The Supreme Court held that the original judgment conclusively settled the right of Kessler to manufacture and sell his manufactures free from all interference from Eldred by virtue of the patent there adjudicated, and granted the relief prayed for. Inasmuch as defendant here is a dealer, and as such may wish to sell tires manufactured by the Goodyear Company which has secured adjudications adverse to the patent in the Circuit Court of Appeals, Sixth Circuit, supra, the judge who heard the motion at circuit in view of the decision in Kessler v. Eldred inserted the following clause in the order:

"Nothing in this injunctional order shall prevent, or is intended to prevent or enjoin, the defendant from handling, using, or selling rubber tires and rims covered by the Grant patent, * * * manufactured by the Goodyear Tire & Rubber Company, having a right to manufacture, use, and sell such tires under a judicial decree in a litigation in the federal courts in the district of Indiana heretofore pending between this complainant and such parties, wherein it has been judicially determined that said Grant patent is invalid and void."

The complainants cannot now question the propriety of inserting this clause, because they have no appeal from an order refusing to issue injunction, and the clause is a refusal to enjoin tires made by the Goodyear Company. Defendant contends, however, that the reservation does not go far enough, that defendant should be left free to sell any infringing tires made in the Sixth Circuit, or in any circuit other than the Second, or that no injunction at all should have been issued. Kessler v. Eldred, as the Supreme Court itself remarked, was a case of novel impression, and in deciding it that court carefully confined the decision to the single point that the original judgment was conclusive upon the parties to it. As to the proposition

that such adjudication afforded a defense to Breitweiser in the direct suit against him, it said: "Upon that question we express no opinion." It would seem that inferior courts should be cautious about extending the principle enunciated in that case beyond the limits within which it was there applied. The opinion opens up a new subject in patent law practice, and it is desirable, no doubt, that an early expression of opinion by the Supreme Court should be secured upon a record which will present its broader aspects, but we do not think it wise to certify the question to that tribunal upon this record. Besides, that question there is the further one whether upon the merits of the whole case the Second Circuit was right in holding the patent to be valid and infringed by a manufacturer other than the Goodyear Tire & Rubber Company. Should the Supreme Court reach the conclusion that this circuit erred in that respect, the further application of the Kessler v. Eldred rule would no longer cut any figure in the case, and by certifying it now we would have unnecessarily vexed that tribunal with a moot question.

It would seem that the rights of all can be best preserved by affirming the order, at the same time directing the circuit court (upon the filing of a new bond or the extension of the old one) to suspend the operation of the injunction until final disposition of the cause. The record at final hearing will be so comprehensive as to present every question, and, when it reaches this court upon appeal, a review of them can be secured from the Supreme Court either by certification or certiorari.

The order is affirmed, with the modification suggested as to suspension.