## FERRY-HALLOCK CO. v. HERMAN.

(Circuit Court of Appeals, Second Circuit. April 4, 1910.)

No. 197.

1. PATENTS (§ 324*)—SUIT FOR INFRINGEMENT—ORDER GRANTING PRELIMI-
NARY INJUNCTION—REVIEW ON APPEAL.

On an appeal from an order granting a preliminary injunction restrain-
ing infringement of a patent which has been adjudged valid in a previous
suit, where the record contains only the affidavits used on the motion,
the question of infringement only is presented for review.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 606; Dec. Dig.
§ 324.*

Review of interlocutory decree granting or continuing injunction in
Circuit Court of Appeals, see notes to Consolidated Piedmont Cable Co.
v. Pacific Cable Ry. Co., 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27
C. C. A. 189; New York, N. H. & H. R. Co. v. Sayles, 32 C. C. A. 484.]

2. PATENTS (§ 301*)—INFRINGEMENT—HAT PACKING RINGS.

Infringement of the Ferry patent, No. 574,894, for a hat packing ring,
held in such doubt on the showing made that a preliminary injunction
should not have been granted.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec.
Dig. § 301.*]

Appeal from the Circuit Court of the United States for the Southern
District of New York.

Suit in equity by the Ferry-Hallock Company against William Her-
man. From an order granting a preliminary injunction, defendant ap-
peals. Reversed.

On appeal from an order of the Circuit Court for the Southern District of
New York granting a preliminary injunction restraining the defendant from
infringing the claims of letters patent, No. 574,894 dated January 12, 1897,
for an improvement in hat packing rings. The decision below is reported in
171 Fed. 437. The Circuit Judge felt constrained to follow a prior decision
of the Circuit Court sustaining the patent in the case of Ferry v. Waring
Company, 129 Fed. 389.

Wetmore & Jenner (Edmund Wetmore, of counsel), for appellant.
Gifford & Bull (J. Edgar Bull, of counsel), for appellee.

Before COXE and WARD, Circuit Judges, and HOLT, District
Judge.

COXE, Circuit Judge. As the patent was sustained by the Circuit
Court in the Waring Case and as the present record contains only the
bill and affidavits used on the motion for the preliminary injunction, it
is manifest that the validity of the patent is not now in issue and that
the question of infringement is alone presented. Consolidated R. T.
Co. v. Diamond R. Co., 157 Fed. 677, 85 C. C. A. 349, and cases cited.

Indeed, we understand both parties to agree that the only issue is
that of infringement. The ring which is alleged to infringe in the
case at bar is materially different from the rings condemned in the
Waring Case. The description of the patent, when read in conjunction
with the drawings, leaves no doubt as to the device that the patentee

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was endeavoring to protect.  The first claim sufficiently describes it as—

"a hat packing ring, made from a single strip of pasteboard having hollow closed beads at its upper and lower edges and petticoats extending from the extremities of such edges after curling flat against the body of the strip."

In order to infringe it is apparent that a ring must have, first, a hollow closed bead at its upper edge; second, a similar bead at its lower edge; third, a petticoat extending down from the upper edge and curling flat against the body of the strip; fourth, a similar petticoat extending up from the lower edge.  The word "petticoat" would seem somewhat of a misnomer and out of place in the hat making art. Though infelicitous in describing the turned down edges of the ring there can be no doubt as to the meaning of the patentee.

He was not using the word as descriptive of a belt, band or girdle but in its ordinary meaning, as "a skirt or loose garment" extending up and down for a considerable distance from the beads.  This is demonstrated by a glance at the drawings which are shown on a scale less than a third of the size of the commercial structure.  If enlarged to actual size it will be found that the so-called petticoats extend up and down a distance of nearly half an inch from the beads.

The function of these broad hems, or flanges, when the ring is formed is to preserve the beads intact so that one end of the strip can readily be inserted within the beads at the other end.  Another feature is holding the entire structure in a firm but resilient embrace after the petticoats are curled flat against the body of the strip.  In short, the essence of the invention is the hollow beads held in place by the broad hems hugging the strip when the latter is bent to form the ring.

The only alleged infringing device is known as "Exhibit A."  It is suggested that this exhibit has been subjected to rough handling and is not now in the condition in which it was when introduced.  Of course we must consider the proof as it now appears but will endeavor to make due allowance for the changes which may have been produced by the lapse of time, but even so we are unable to find infringement. The invention of the patent, in any view, belongs to a restricted field and the claims are not entitled to a broad construction.

The alleged infringing device has not now, and we are convinced it never had, the O-shaped hollow beads of the claims.  It has not the surplus from the edges left to form the "petticoats, 6, 7, which lie closely against the body of the strip."  If the folded down portion of "Exhibit A" can be said to form a bead at all, the surplus left to form the petticoat is less than an eighth of an inch, whereas it should be half an inch in width.  It is incapable of lying closely against the body of the strip.  If the entire turned over portion be regarded as the petticoat there can be no hollow beads and if hollow beads are formed there can be no petticoats.  The ends of the defendant's ring are glued together and the end to end connection of the patent is not present.

The defendant has turned over the edges of the strip for about a quarter of an inch and has pressed down or creased the fold about an eighth of an inch from the edge, probably to avoid breaking the material and thus leaving a rough seat for the hat.  We cannot resist

the conclusion that the distinguishing features of the patent, namely, the "hollow closed beads" and the "petticoats" are not found in the defendant's structure as shown.

.The most favorable view for the complainant is that the question of infringement is involved in doubt and a preliminary injunction should not be granted in a doubtful case.

The order is reversed.