CONSOLIDATED RUBBER TIRE CO. et al. v. B. F. GOODRICH CO.

(District Court, N. D. Illinois, E. D.    April 11, 1912.)

No. 29,176.

1. PATENTS (§ 202*)—TITLE—ASSIGNMENT.
    An assignment of the right to a patent pending the application and before its issuance vests the title in the assignee, although it is issued in the name of the assignor.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 281–289; Dec. Dig. § 202.*]

2. EVIDENCE (§ 183*)—PROOF OF ASSIGNMENT—SECONDARY EVIDENCE.
    Proof that an assignment of a patent was used in evidence in other cases, and that it cannot be found, held sufficient to authorize the introduction of a certified copy of the record thereof in the Patent Office.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 605–637; Dec. Dig. § 183.*]

3. PATENTS (§ 312*)—SUIT FOR INFRINGEMENT—TITLE TO SUPPORT.
    Where an assignment of the right to a patent, application for which was pending, did not give the number of the application nor otherwise identify the same except by stating the general subject-matter, a subsequent assignment by the inventor executed more than a year after the patent was granted to the same assignee and describing the patent, without proof that no previous assignment had been made to another, is not sufficient to establish the right of the assignee to maintain a suit for infringement.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 543–549; Dec. Dig. § 312.*]

4. PATENTS (§ 312*)—INFRINGEMENT—SUFFICIENCY OF PROOF.
    A bill for infringement of a patent is not sustained by evidence of the sale of any number of the elements of the patented structure less than the whole, where there is no allegation or proof of contributory infringement, nor as to when the sales were made, and especially where the suit is in a district in which neither party resides, so that the matter is jurisdictional.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 543–549; Dec. Dig. § 312.*]

In Equity. Suit by the Consolidated Rubber Tire Company and the Rubber Tire Wheel Company against the B. F. Goodrich Company. On final hearing. Decree for defendant.

Charles W. Stapleton, Staley & Bowman, John G. Campbell, Border Bowman, and Lawrence Maxwell, for complainants.

Samuel E. Hibben, Edward Rector, and Charles Neave, for defendant.

KOHLSAAT, Circuit Judge. This bill was filed to enjoin infringement of the two claims of patent No. 554,675, granted to A. W. Grant, February 18, 1896, for a rubber tired wheel. The claims read as follows, viz.:

"1. A vehicle-wheel having a metallic rim with angularly-projecting flanges to form a channel or groove with tapered or inclined sides, a rubber tire, the inner portion of which is adapted to fit in said groove or channel and the outer portion having sides at an angle to the inner portion, the angle or corner between the outer and inner portions being located within the outer

periphery of the flanges, and independent retaining-wires passing entirely through the inner portions of said tire and also within the outer peripheries of the flanges, substantially as described.

"2. A vehicle-wheel having a metallic rim with outwardly-projecting flanges at an angle to the plane of said wheel so as to form a channel or groove having tapered or inclined sides, a rubber tire, the inner portion of which is adapted to fit in said tapered groove or channel and the outer or exposed portions formed at an angle thereto, the angle or corner between the said portions being placed within the outer periphery of said flanges, openings extending entirely through the unexposed portion of said tire, and independent retaining-wires in said openings, and a reinforcing-strip of fibrous material placed at the bottom of said tire and wholly within said flanges, substantially as specified."

Prima facie proofs were made by complainant. Defendant introduced no evidence. No defense is made as to the issue and validity of the patent, and these facts are found by the court to be satisfactorily established by the evidence. Strenuous defense is, however, made to the sufficiency of the evidence as to title and infringement. On the hearing, the following stipulation was entered into, viz.:

"It is hereby stipulated that prior to the commencement of this suit the defendant had a regular and established place of business in the Northern District of Illinois, to wit, in the city of Chicago, in said district, at which place of business prior to the commencement of this suit defendant sold rubber vehicle tires, made by it in Akron, Ohio, such as those illustrated by the section of rubber vehicle tire marked 'Complainants' Exhibit, Section of Defendant's Tire,' which correctly represents and shows the type of rubber tires so sold by defendant at its regular place of business in said Chicago prior to the commencement of this suit. Further stipulated that in the pamphlet submitted herewith and marked, 'Complainants' Exhibit, Illustrations of Defendant's Tires,' the cuts shown therein at the top of page 1 and the cut shown on page 5 correctly illustrate, and show the type, construction, and character of the rubber tires so made and sold by defendant prior to the commencement of this suit, and that the cuts on page 16 of said pamphlet illustrate the shape of the rubber tire, and the cuts shown on page 20 of said pamphlet the shape of the channel used in connection with said rubber tires which were sold by defendant as aforesaid. Further stipulated that the defendant is a corporation organized under the laws of the state of Ohio."

It appears that the first-named complainant is a New Jersey corporation; that the second-named complainant is an Ohio corporation; that the defendant is also an Ohio corporation; and that the alleged infringing act took place in this district, where defendant has a regular and established place of business. Both claims in suit call for a vehicle-wheel. The drawings show both a wheel and sectional parts thereof.

The bill sets up two adjudications of the claims in suit, one by the Circuit Court for the Southern District of New York sustaining the patent, in a case against the Firestone Tire & Rubber Company (147 Fed. 739), which was affirmed by the Circuit Court of Appeals for the Second Judicial Circuit (151 Fed. 237, 80 C. C. A. 589), and the other by the same courts in a case against the Diamond Rubber Company (157 Fed. 677, 85 C. C. A. 349), wherein said patent was again sustained. This latter decision seems to have been taken to and affirmed by the Supreme Court (220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527). In both of said causes complainants' title was sustained, though it does not seem to have been placed in issue. Defendant's answer sets

out that it is not advised whether the said causes were identical with the present one or whether they were adequately contested. No attempt was made to introduce the proceedings in those suits in evidence, or to connect defendant therewith.

[1] The assignment in question was made on November 7, 1895, while application was pending and before issue of patent, and the commissioner was authorized to issue the patent to the Rubber Tire Wheel Company. For some reason, the commissioner was not advised thereof, and issued the patent to the inventor. Under the authority of Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504, and De La Vergne Co. v. Featherstone, 147 U. S. 209, 13 Sup. Ct. 283, 37 L. Ed. 138, provided such assignment is duly shown, the title vested in the Rubber Tire Wheel Company.

[2] The original assignment has not been produced in evidence on this hearing, and it is contended by defendant that the attempt to establish the same by the introduction of oral evidence of the loss thereof, and by the production of a certified copy of the record thereof in the Patent Office, does not comply with the requirements of the law in such cases. The Consolidated Rubber Tire Company is interested herein as licensee of the Rubber Tire Wheel Company. A great deal of evidence was taken to show that it was impossible to find the original. It has been introduced in evidence in several cases, and was traced into the hands of various counsel in those and other cases. In the judgment of the court this evidence, notwithstanding defendant's objection, is sufficient to lay a foundation for secondary proof of the instrument. It would be unreasonable to require every conceivable suggestion or possibility of possession of the document to be exhausted before other evidence would be permitted. The law does not require, in such cases, the exhaustion of the suggestions of a vivid imagination, but reasonable diligence. Minor v. Tillotson, 7 Pet. 99, 8 L. Ed. 621; Clark v. Hornbeck, 17 N. J. Eq. 430. This latter requisite has been complied with. It is further insisted by defendant that the proof of the existence and loss of the instrument is also insufficient, in that the testimony of the subscribing witness (who for anything that appears was accessible) was not taken. Under the facts of the case in evidence, that was not indispensable. The record, while not, perhaps, legally conclusive, was, nevertheless, entitled to great consideration as having been made in the usual manner at a time when no contest as to title was pending. The oral evidence was given by those who had seen the original. Defendant's only interest in the question is that it should not be obliged to defend as against other assignees. In view of the decisions and other facts in evidence, this contingency seems too remote to justify the defense made upon that ground.

[3] Assuming that such proof was sufficient, defendant objects to the assignment upon the ground that the thing assigned is not identified in such a manner as to make it clear that it was the application for the patent in suit. The language used is:

"Do hereby sell, assign * * * the entire right, title, and interest in and to a certain invention devised by me in rubber tire wheels, and in and to the letters patent therefor, which invention is fully described and set forth in

an application for letters patent executed by me—this day for improvements in rubber tired wheels," etc.

—the number not being given. No attempt was made to show that other applications for like improvements were not made on said day. Afterwards, and on December 3, 1897, the inventor and patentee, Grant, executed and delivered to the Rubber Tire Wheel Company another assignment of said letters patent, in which he recites the former assignment and the record thereof in the Patent Office, "in order that the title to said letters patent may be fully and clearly vested in the said Rubber Tire Wheel Company, and the identity of said letters patent be clearly established of record." This, of course, would be conclusive evidence of title, except as against a prior grantee, if any, whose title would not have been affected by the first assignment. As above stated, no attempt has been made to exclude this hypothesis. Were this defect the only one in the presentation of the case, perhaps it might be overlooked. Complainants have been given two opportunities to correct errors or omissions in the evidence, and may not in fairness ask for further indulgence. The proof of title is not sufficient to establish the right of complainants to the relief sought. Wright v. Randall (C. C.) 8 Fed. 599; N. Y. Paper Bag Co. v. Union Paper Bag Co. (C. C.) 32 Fed. 788. In order that complainants may be advised of the judgment of the court upon the case made for infringement, that question will be considered.

[4] The evidence of infringement consists (1) in the testimony of the witness Seaman; and (2) the stipulation above set out. The above witness was shown a section of rubber tire assembled with a channel and the retaining wires. Fig. 4 shows a section of a rubber tire assembled with the retaining wire openings and a reinforcing-strip of fibrous material placed at the bottom of the tire, no channel or wires being shown. The witness identifies the exhibits shown him with said drawings 2 and 4, "except that the curve of the outside of the flange of the section is more outwardly curved." He states that the rubber of the section is marked, "M'f'd by the B. F. Goodrich Co." This exhibit was placed in evidence as "Complainants' Exhibit, Section of Defendant's Infringing Tire." As a matter of fact, the exhibit so labeled in the record consists of two pieces of rubber tires with the reinforcing-strip attached, and not of the tire assembled with the channel and wires. The stipulation contains no reference to the rubber tired wheel as such. At most, it covers the rubber tire and section of the assembled wheel. It nowhere sets out that defendant sold any wheels. It admits that "defendant sold rubber vehicle tires, made by it in Akron, Ohio, such as those illustrated by the section of rubber vehicle tire marked 'Complainants' Exhibit, Section of Defendant's Tire,' * * *" being a section of rubber tire assembled with a channel and retaining wires. It concedes the sale of rubber tires, but nowhere refers to rubber tires assembled in wheel form as required by the claims. Nor does it set out when the alleged infringement took place, except that it was prior to the commencement of the suit; non constat, that the sale may have not been made before the issue of the patent, or more than six years before the beginning

of the action, or while defendant was acting·under a license from the Rubber Tire Wheel Company during the year beginning August 28, 1903, or to replace (by one entitled to use complainants' device) some worn out or injured portion of complainants' wheels. Gray v. Grinberg, 159 Fed. 138, 86 C. C. A. 328.

These matters are material in any case, and even more important in a proceeding in a district in which neither of the parties reside, being jurisdictional. Westinghouse Co. v. Stanley Company (C. C.) 116 Fed. 641. For the same reason, even if alleged in the bill, there could be no recovery for contributory infringement, were it otherwise proper. A bill for infringement of a patent is not sustained by evidence showing the sale of any number of the elements of the patent less than the whole thereof, unless it be shown by evidence that the part manufactured or sold was sold for that purpose or could only be used in the device alleged to be infringed, and was so used. Even assuming that it should be shown that defendant sold tires for use in wheels, it may well be that they were sold for such use to persons in a foreign country, where they might be assembled into a wheel like complainants' or to replace a part of a licensed wheel, and such use might well be assumed in the absence of proof to the contrary. Here there is no evidence showing or tending to show contributory infringement. In Bullock Electric & Mfg. Company v. Westinghouse Electric Mfg. Company, 129 Fed. 105, 63 C. C. A. 607, and in Chadeloid Chemical Company v. Chicago Wood Finishing Company (C. C.) 180 Fed. 770, it is held that incomplete acts would not constitute infringement for purposes of giving jurisdiction. The case is so beset with irregularities and insufficiencies in matter of proof, both of title and acts of infringement, that to sustain it the court must on almost every vital question resort to assumptions and deductions of facts which it is evident may, if they be facts, be substantiated. In the judgment of the court complainant has not made out a case for injunctional relief.

The bill will be dismissed for want of equity.