### RUBBER-TIRE WHEEL CO. v. VICTOR RUBBER-TIRE CO.

(Circuit Court of Appeals, Sixth Circuit. June 2, 1903.)

No. 1,169.

**1. PATENTS—INVENTION—RUBBER-TIRE WHEELS.**
  The Grant patent, No. 554,675, for a rubber-tire wheel, is void for lack of patentable invention.

Appeal from the Circuit Court of the United States for the Southern District of Ohio.

Paul A. Staley and Border Bowman, for appellant.
H. A. Toulmin, for appellee.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge. This is a bill to restrain infringement of patent No. 554,675 to A. W. Grant, dated February 18, 1896, for improvements in rubber-tired wheels. The defense was that the invention was void for want of patentable novelty, anticipation, and noninfringement. Upon a final hearing upon pleadings and evidence the bill was dismissed upon the authority of Goodyear Tire & Rubber Co. et al. v. Rubber-Tire Wheel Co. et al., 53 C. C. A. 583, 116 Fed. 363. The parties not being the same, the former opinion would not absolutely preclude this court from renewing the inquiry into the validity of the Grant patent.

But an additional obstacle to a reconsideration of the merits of the question is found in the fact that the Supreme Court has since

denied the appellant's application for a writ of certiorari, although the decree had held the patent void. Rubber-Tire Wheel Co. v. Goodyear Tire & Rubber Co., 187 U. S. 641, 23 Sup. Ct. 842, 47 L. Ed. ——. This fact would seem to somewhat interfere with the freedom of this court, for we should seemingly place ourselves in the attitude of reopening, upon substantially the same evidence, the question of the validity of the Grant patent after the Supreme Court under its revising powers had refused to re-examine the case. In Rawson v. Western Sand Blast Co. (C. C. A.) 118 Fed. 576, the Circuit Court of Appeals for the Seventh Circuit under like circumstances said:

"Though the former case might not prevent a renewed inquiry into the merits of the Evans patent, we are persuaded that the pronouncements therein, in view of the Supreme Court's denial of appellant's application for a writ of certiorari, should in the interest of faith in the stability of judicial decisions be adhered to by us as the law of the patent."

We do not find it necessary, however, to resort to any technical ground for adhering to the former opinion of this court, denying validity to the patent here involved, for we have no reason to doubt the rightness of the conclusion there announced.

Decree affirmed.