## L. H. GILMER CO. v. GEISEL.

### (Circuit Court, E. D. Pennsylvania. March 9, 1909.)

PATENTS (§ 289*) — SUIT FOR INFRINGEMENT — PRELIMINARY INJUNCTION — LACHES.

A preliminary injunction will not be granted restraining a defendant from the manufacture and sale of an article alleged to infringe a patent, where the patentee, with knowledge that such article was being made and sold by defendant, delayed several years before bringing suit.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 468; Dec. Dig. § 289.*

Laches as a defense in suits for infringement, see notes to Taylor v. Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

In Equity. On motion for preliminary injunction.

R. W. Barrett and T. R. White, for complainant.
Frederick J. Knaus, for defendant.

J. B. McPHERSON, District Judge. In my opinion the patentee's delay in asserting his rights under the patent in suit furnishes a suf-

ficient reason for refusing relief by preliminary injunction. During several years he has known that the respondent was making the belts that are now complained of, but he took no steps to prevent the manufacture until a few weeks ago, when the business rivalry became objectionable for the first time. Having waited thus long, I think he and the complainant company may properly be asked to wait for several months longer, until the case can be prepared for final hearing. Moreover, as the respondent justifies under a subsequent patent, which was pending before the office for some time while the examiners were also considering the patent in suit, and was granted without the declaration of an interference, there is apparently the greater need for caution in sanctioning so severe a remedy as a preliminary injunction.

The motion is refused.