## HURD et al. v. SEIM et al.

(Circuit Court, N. D. New York. July 26, 1911.)

1. PATENTS (§ 290*)—SUIT FOR INFRINGEMENT—INTERVENTION.

In an infringement suit against users or dealers in the alleged infringing article, there is no ground for permitting intervention by the company from which defendants bought such articles where the defense which it seeks to set up is equally open to the defendants; such company having the right to assume or assist the defendants in making such defense without becoming a party.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 290.*]

2. PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—CONSTRUCTION OF DECREE.

In a decree entered by the Circuit Court of Appeals of the Second Circuit adjudging a patent valid and infringed, a provision excepting from the injunction restraining the defendant from selling infringing articles such articles as were made by a company in Indiana, where in a suit against such company the patent had been held invalid, was not an adjudication of defendant's right to sell such articles in the Second Circuit, but merely reserved that question until it should arise in a proper case.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

3. PATENTS (§ 327*)—INFRINGEMENT—EFFECT OF PRIOR ADJUDICATION.

A patent was held valid and infringed by a Circuit Court in New York, and its decree was affirmed by the Circuit Court of Appeals of the Second Circuit and also by the Supreme Court. In a suit in Indiana against a manufacturer the patent had been held invalid, and the decree was not appealed from. Held, that such decree did not authorize the sale or use in New York or elsewhere in the Second circuit of articles thereafter made by the defendant in that suit, which were clear infringements of the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

4. PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—PARTIES AND PRIVIES—"PRIVITY."

The term "privity" denotes mutual or successive relationship to the same rights of property, and purchasers of articles made by the defend-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant in a suit for infringement of a patent after the decree therein are not privies to such decree, nor protected thereby as such.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*

For other definitions, see Words and Phrases, vol. 6, pp. 5606–5611; vol. 8, p. 7764.]

In Equity. Suit by James D. Hurd, the Consolidated Rubber Tire Company, and the Rubber Tire Wheel Company against William Seim and Gustave Reissig. On application by complainants for preliminary injunction, and also on petition of the Diamond Rubber Company of New York for leave to intervene as party defendant. Leave to intervene denied, and injunction granted.

Walter E. Ward, for complainants.
Amasa J. Parker, for defendants.
Charles K. Offield, for Diamond Rubber Company.

RAY, District Judge. This is a suit in equity brought by the complainants to restrain the defendants Seim and Reissig from infringing what is known as the Grant patent, dated February 18, 1896, No. 554,-675, and issued to Arthur W. Grant for "rubber-tired wheel." The validity of this patent has been adjudicated in certain circuits, and its invalidity has been adjudicated in other circuits. It was held valid in the Second circuit by the Circuit Court and also by the Circuit Court of Appeals in Consolidated Rubber Tire Co. & Rubber Tire Wheel Co. v. Diamond Rubber Co. of New York, 162 Fed. 892. In this case on the petition of the Diamond Rubber Company a writ of certiorari was granted, and the case taken to the Supreme Court of the United States, where the patent was held valid and infringed. See Diamond Rubber Co. of New York, Petitioner, v. Consolidated Rubber Tire Co. & Rubber Tire Wheel Co., decided April 10, 1911, 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527.

So far as this suit between the parties is concerned, the patent must be considered valid. It has the presumption of validity to start with and the decision of the Supreme Court of the United States sustaining it. However, in Goodyear Tire & Rubber Co. et al. v. Rubber Tire Wheel Co. (Sixth Circuit) 116 Fed. 363, 53 C. C. A. 583, the patent was held invalid, and in Rubber Tire Wheel Co. v. Victor Rubber Tire Co. (Sixth Circuit) 123 Fed. 85, 59 C. C. A. 215, it was also held invalid. In a case in the Seventh circuit, district of Indiana, wherein the Kokomo Rubber Company was defendant, the patent was held invalid. This last case did not go to the Circuit Court of Appeals.

The defendants here, Seim and Reissig, reside and do business in the city of Albany, state of New York, Second circuit. It seems to be their contention that they purchase the alleged infringing articles in which they deal and which they sell from or through the Diamond Rubber Company of New York, which, in turn, obtains them from the maker, the Kokomo Rubber Company. In the case above referred to in the Circuit Court of Appeals, Second Circuit, and which went

to the Supreme Court of the United States as stated, the Circuit Court of Appeals inserted the following in the decree:

"Ordered, adjudged, and decreed that the decree of said Circuit Court be and it hereby is amended by inserting the following clause: 'Nothing in this injunction shall prevent or is intended to prevent or enjoin this defendant from handling, using and selling rubber tires and rims covered by the Grant patent, manufactured by the Goodyear Tire & Rubber Company, having a right to manufacture, use and sell such tires, under a judicial decree in the federal courts of the Sixth Circuit, or manufactured by the Kokomo Rubber Company, having a right to manufacture, use and sell such tires under a judicial decree in the District of Indiana, Seventh Circuit; or manufactured by the Victor Rubber Tire Company, under a judicial decree in a litigation in the federal courts in the Sixth Circuit, wherein in such litigations it has been judicially determined that the said Grant patent is invalid and void.' And as so amended is affirmed, with costs taxed at the sum of $31.95."

The defendants here, as well as the Diamond Rubber Company of New York, contend that, inasmuch as the decree was affirmed with this clause therein, there has been an adjudication that the Diamond Rubber Company has the right to use and sell rubber-tired wheels and the various parts which go to make up the rubber-tired wheel of the patent manufactured by the Goodyear Tire & Rubber Company, or by the Kokomo Rubber Company, or by the Victor Rubber Tire Company, the patent having been held invalid as to them. The contention is also that this right extends to all dealers and users of rubber tires and rims covered by the Grant patent manufactured by either of the said companies, and that they will be able to show that the rubber tires and rims dealt in and sold by these defendants were manufactured by the Kokomo Rubber Company, and that, therefore, Seim and Reissig had a perfect right to use or sell them as they are protected by the decree in the Indiana circuit above referred to, not appealed from or reversed.

That the wheels and parts complained of and dealt in and sold by the defendants are covered by the Grant patent and infringe same cannot be questioned. The first question is, Were these tires and rims made by the Kokomo Company? I have read the affidavits of William Seim, Gustave Reissig, and Dorothy Seim presented and read in opposition to the granting of this motion for a preliminary injunction, and I fail to find evidence therein that either the rims or tires or wheels dealt in by the defendants here were made by the Kokomo Rubber Company or by the Goodyear Tire & Rubber Company or by the Victor Rubber Tire Company, and hence fail to find evidence that these defendants are protected in using, dealing in, or selling these parts or any of them, or the vehicle wheel complained of, even if the decrees referred to protect those companies, and all who purchase from them or either of them against the charge of infringement. I do not need to decide that such decrees do or do not protect those companies and those who deal with them or purchase from them directly or from those who purchase of dealers to whom such companies sell in passing on the question of a preliminary injunction.

The petition for intervention filed by the Diamond Rubber Company of New York alleges, in substance, that it is engaged in purchasing, handling, using, and selling rubber tires and rims decreed to be cov-

189 F.—38

ered by the Grant patent in suit, and that such articles so covered by the Grant patent are manufactured and sold to the petitioner Diamond Rubber Company by the said Kokomo Rubber Company. The petition also alleges that the Kokomo Company has the right to manufacture, use, and sell such tires under a judicial decree of the United States Circuit Court for the District of Indiana, Seventh Circuit, and that the right of the Diamond Rubber Company to handle, use, and sell such tires and rims has been judicially found and assured to the petitioner by the decree of the Circuit Court and Circuit Court of Appeals, Second Circuit, affirmed by the Supreme Court of the United States. To sustain this contention, the petitioner presents a certified copy of the mandate of the Circuit Court of Appeals, Second Circuit, above referred to, as well as the decision of the Supreme Court of the United States in the same case. The petitioner further alleges that the defendants here, Seim and Reissig, are copartners, doing business in the city of Albany, and that they purchase the infringing articles dealt in by them from the petitioner, Diamond Rubber Company of New York, and that same are made by the Kokomo Rubber Company of Indiana. The contention is that the defendants here, Seim and Reissig, having purchased these articles of the Diamond Rubber Company and the Diamond Rubber Company having purchased them of the Kokomo Rubber Company and a decree of the Circuit Court in Indiana having been entered adjudging the patent invalid, the defendants are protected by said Indiana decree, and have the right to deal in and sell these infringing articles. In short, it is contended that infringing articles covered by this patent made by the Kokomo Company may be sold anywhere and everywhere in the United States by parties or persons who obtain them directly or indirectly from the Kokomo Company.

James D. Hurd, the complainant here, holds an exclusive license under the patent in suit for making and selling these rims and tires and wheels in the state of New York. His license antedates the Indiana decree, to which suit he was not a party. The Diamond Rubber Company desires to be made a party defendant so it may come in in this suit, and raise these question and make this alleged defense in person.

[1] I see no reason for allowing the intervention if, notwithstanding the decision of the Supreme Court of the United States above referred to, the Kokomo Company has the right to make and sell the alleged infringing articles anywhere in the United States or anywhere in the Seventh circuit, and is protected in so doing by the decree of the Circuit Court before referred to, and purchasers of such articles from the Kokomo Company in the Seventh circuit have the right to use and sell same anywhere in the United States and are protected by said decree in so doing, and purchasers of such articles in the Second circuit are protected in using and selling them because made by and obtained from the Kokomo Company. The defendants here, Seim and Reissig, can set up that defense, show the facts, and prove that the alleged infringing articles made and sold by them were made by the Kokomo Company, sold to the Diamond Rubber Company and

by it sold to these defendants, and the defense will be complete. The presence of the Diamond Rubber Company an intermediary purchaser and seller in this suit is entirely unnecessary. If it desires to defend this suit in behalf of these defendants, it can furnish and pay counsel and furnish and pay witnesses; in short, bear all the expenses and take upon itself the burden of the defense. The Kokomo Company does not come to this court asking to intervene or seek to defend dealers in these infringing articles alleged to have been made by it.

The broad allegations of the petition for intervention must be deemed qualified by the certified copy of the decree filed therewith and which shows that the only right of the Diamond Rubber Company, if any, to make, use, and sell these articles which infringe the Grant patent is derived from the decree of the United States Circuit Court in Indiana. If that decree of the Circuit Court in the action referred to does protect the Kokomo Company against the charge of infringement in making and selling rubber tires, rims, and other parts which in fact infringe the Grant patent, I am of the opinion, and hold, that such decree does not protect users and sellers of those articles made by the Kokomo Company in Indiana in the Second circuit. If it shall be held that the decree of the Circuit Court in the District of Indiana not appealed from or reversed establishes in that circuit that the Grant patent is invalid notwithstanding the decision of the Supreme Court of the United States, still that decree does not establish that as the law in the Second circuit. The decision of the Supreme Court of the United States holding this patent valid must prevail in the Second circuit. It must be the law here that the patent is valid. There is no judgment or decree anywhere that the Kokomo Company has a right as licensee to make and sell these articles under the Grant patent. The decision of the Circuit Court of Indiana is that the Grant patent is invalid—that is, it has no existence. The decision of the Circuit Court of Appeals in the Second Circuit sustained by the Supreme Court of the United States is that the patent is valid.

[2] The Circuit Court of Appeals in the Second Circuit did not adjudicate or determine that the Kokomo Company has the right to make and sell articles which would infringe the Grant patent but for the decision of the Circuit Court in Indiana. The Supreme Court of the United States has not so adjudicated. The Circuit Court of Appeals in the Second Circuit has not adjudicated or determined that purchasers and users of the articles referred to who obtain same from the Kokomo Company · are protected in the use and sale of same in the Second circuit. All the Circuit Court of Appeals in the Second Circuit adjudged or determined was that the injunction in Consolidated Rubber Tire Co. & Rubber Tire Wheel Co. v. Diamond Rubber Co. of New York should except the defendant from its operation in handling, using, and selling rubber tires and rims covered by the Grant patent, manufactured by the Kokomo Rubber Company.

The effect of the reservation made by the decree of the Circuit Court of Appeals in the Second Circuit is thus stated by the Supreme Court:

"The final contention of the Rubber Company is that the Grant patent having been declared invalid by the Circuit Court of Appeals of the Sixth Circuit and by the Circuit Court for the District of Indiana in the Seventh Circuit, the Rubber Company should not have been enjoined from the handling or sale of tires manufactured in the Sixth and Seventh Circuits, and cites Kessler v. Eldred, 206 U. S. 285 [27 Sup. Ct. 611, 51 L. Ed. 1065]. The Court of Appeals practically reserved the question. It modified the decree of the Circuit Court so far as it prevented the handling, using or selling tires and rims authorized by any judicial decree, recognizing, as it said, the applicability of Kessler v. Eldred. But it further said: 'Whether it should be given a broader interpretation is a question upon which we express no opinion, deeming it more prudent to wait until the facts are fully developed. There is no occasion for attempting at this time to anticipate the future for a contingency which may not arise. * * * To provide in a decree that a defendant is not enjoined from making, using and selling devices which do not infringe or which have been licensed, seems unnecessary. The doctrine of Eldred and Kessler, if carried to the extent contended for by the defendant, will introduce radical and far-reaching limitations upon the rights of patentees. These questions may not arise in the case at bar, but if they should, the court should have the facts, and all the facts, before attempting to decide them.' We concur in these remarks."

This is far from an adjudication that these defendants have the right to use, deal in or sell rubber tires and rims or vehicle wheels, which in fact infringe the Grant patent, in the Second circuit, because made by the Kokomo Company in the Seventh circuit.

[3] If it is finally held where a patent is litigated between the owner thereof and an infringer, and the same is held invalid by the Circuit Court of a given circuit and the case is not appealed, and the same question is litigated in another circuit between the same complainant and a different defendant, alleged infringer, and the case goes to the Supreme Court of the United States and the patent is held valid, that the defendant in the first suit has the right to manufacture and sell articles plainly and indisputably covered by the patent all over the United States, and that purchasers from such defendant everywhere in the United States are also protected in so using and selling such articles, the patent will afford little, if any, protection to the owner. The monopoly of the patent will be shared by the defendant in the suit referred to, and he will have the same right to make and sell possessed by the owner of the patent, and all purchasers and users under him will be protected. I am not prepared to assent to any such result. Articles which in fact infringe this patent, if sold or used outside the circuits where the patent has been held invalid, must be held to infringe, and those who sell or use outside the circuits referred to must be held to be infringers, even if the articles so sold or used were made and put on the market by a person or corporation as to whom the patent was so held invalid. The decision of the Circuit Court in the District of Indiana may be the law there as to the Kokomo Company and those who deal with it there, but it is not the law of the Second circuit or in any way binding on the courts in the Second circuit. While articles made by the Kokomo Company and sold in the Second circuit were excepted from the operation of the injunction in the 'case referred to it was not decided that the users and sellers here had any right to use and sell. As said by the Supreme Court, the Circuit Court of Appeals of the Second Circuit reserved

the question. The question is now before me in this motion to intervene, and is a practical one. There is no rule of comity which requires the Circuit Court of the United States in one circuit and state to recognize the decrees of a Circuit Court of the United States in another state and circuit in such a case as this, especially when the Supreme Court of the United States has decreed differently as to the same subject-matter, viz., the validity of a patent. Neither the Kokomo Company nor the Diamond Rubber Company of New York is a licensee. The adjudication in Indiana has no force in New York. Suppose the decree of the Circuit Court in Indiana is to be given the effect of holding that the Kokomo Company had a right to make and sell the wheels or the parts complained of, its effect may be confined to Indiana, and, if the Circuit Court of New York holds differently between other parties as it must in view of the decision of the Supreme Court, then all persons residing and acting in New York other than the Kokomo Company are subject to the decree made by the Circuit Court in New York. Sued in Indiana circuit, the Kokomo Company and possibly those purchasing from it would be protected, but sued in New York, Second circuit, purchasers from the Kokomo Company would not be. The territorial jurisdiction of the two courts is separate and distinct. In Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, Kessler was the maker and seller of electric cigar lighters, and had customers therefor throughout the United States. Eldred was a competitor of Kessler in the business of making and selling cigar lighters. Eldred owned a patent for an electric lamp lighter, known as the Chambers patent. Eldred brought suit against Kessler in the district of Indiana for infringement of the Chambers patent in making and selling his cigar lighters. The Circuit Court found that there was no infringement of the Chambers patent, and its decision was affirmed by the Circuit Court of Appeals. There was no holding that the Chambers patent was invalid. Later Eldred brought suit in the Western district of New York against one Breitwieser, who was a user of the cigar lighters made by Kessler. Kessler assumed the defense of that suit. After the commencement of this last suit, many of Kessler's customers refused to send in further orders, and refused to pay for lighters already purchased, being intimidated by the suit against Breitwieser. Thereupon Kessler brought suit in equity, Northern district of Illinois, to enjoin Eldred from commencing further suits for infringement of the Chambers patent against Kessler's customers who used the precise structure made and sold by Kessler and which had been held as between Eldred and Kessler not to infringe the Chambers patent on the ground such suits injured Kessler's business, and would result in a multiplicity of actions. The Circuit Court dismissed the bill, but on appeal to the Circuit Court of Appeals, Seventh Circuit, that court certified to the Supreme Court the questions: (1) Did the decree of noninfringement in the suit of Eldred v. Kessler, district of Indiana, have the effect to entitle Kessler to continue to manufacture and sell the lighter complained of in that suit throughout the United States; and (2) did the decree mentioned have the effect of making suits by Eldred against

Kessler's customers for alleged infringement by them of the Chambers patent in using and selling the lighter made by Kessler a wrongful interference by Eldred with Kessler's business? The Supreme Court answered both of these questions in the affirmative. Mr. Justice Moody in giving the opinion of the court said:

"We need not stop to consider whether the judgment in the case of Eldred v. Kessler had any other effect than to fix unalterably the rights and duties of the immediate parties to it, for the reason that only the rights and duties of those parties are necessarily in question here. It may be that the judgment in Kessler v. Eldred will not afford Breitwieser, a customer of Kessler, a defense to Eldred's suit against him. Upon that question we express no opinion. Neither it nor the case in which it is raised are before us. But the question here is whether by bringing a suit against one of Kessler's customers Eldred has violated the right of Kessler. * * * Leaving entirely out of view any rights which Kessler's customers have or may have, it is Kessler's right that those customers should, in respect of the articles before the court in the previous judgment, be let alone by Eldred, and it is Eldred's duty to let them alone. The judgment in the previous case fails of the full effect which the law attaches to it if this is not so."

In the statement of the case the court says:

"Eldred was a competitor of Kessler's and manufactured a similar form of lighter (entirely dissimilar from that described in the Chambers patent)."

It was evident to the court that Eldred's line of conduct was intended and calculated to injure and impair the trade of Kessler by driving away his customers. The validity of the Chambers patent owned by Eldred and which he claimed Kessler infringed was not (so far as appears) in question. In any event, the decree did not go against Eldred and in favor of Kessler upon any theory that the Chambers patent was invalid, but simply on the proposition that Kessler's lighter, "like Eldred's," but "entirely dissimilar from that described in the Chambers patent," did not infringe the structure covered by the Chambers patent. It well may be that in such a suit really to enjoin an unlawful interference with a man's business by means of vexatious suits against his customers as between the parties to the prior suit the court has power to intervene and restrain the alleged wrongdoer, one of the parties to that action, at the suit of the other from bringing and prosecuting other actions involving the same precise facts and questions, even though brought against other defendants, and apply the rule or doctrine of comity, thus giving full force and effect to the judgment of the Circuit Court rendered in one district in other or even all districts in the United States.

There is a wide distinction between a holding that a patent is invalid and a holding that a certain manufactured article does not infringe such patent. In Kessler v. Eldred the question was not submitted, and the Supreme Court did not decide that a judgment in the Circuit Court of one district and circuit holding a patent invalid is binding and conclusive of that fact in all other circuits even as between the parties to the suit. Nor did it decide, as we have seen, that such a decree protects purchasers from the defendant in such a suit, who has successfully denied the validity of the patent, who are using and selling the alleged infringing article (made by the defendant in such suit) in other circuits against the charge of infringement made

in the circuit where the alleged infringing acts are done. If that is held, it must follow that the decree of a Circuit Court of the United States in one circuit, as between the parties to the suit and their privies and all persons who take property from the one or the other of the parties, adjudicated upon or in relation to in such suit, is final, binding, and conclusive in all other circuits as to like property thereafter made. There was no direct judgment that Kessler had the right to make the lighters in question. It was not adjudicated between Kessler and Eldred that Eldred had no valid patent. It was adjudicated that a certain structure made by Kessler did not infringe, was not covered by Eldred's (the Chambers patent). That adjudication was affirmed by the Circuit Court of Appeals in the Seventh Circuit. Eldred v. Kessler, 106 Fed. 509, 45 C. C. A. 454. That became the law of the case in that circuit as to that particular subject-matter between these parties and their privies. The equity action was brought in the Circuit Court of the Northern District of Illinois, also in the Seventh circuit. It well may be and is probable that the opinion of the court in Kessler v. Eldred, supra, was given with this fact in mind. Eldred was a citizen of the Northern district of Illinois and Kessler of the district of Indiana.

In the case at bar the rubber tires and rims in question here were not in existence when the case in Indiana was decided and the decree rendered which is alleged to protect the defendants here. They could not have been a subject of controversy in that suit. The validity of the Grant patent was in issue. It was adjudicated that it had no legal existence. Having no existence as to the Seventh circuit, district of Indiana, the making and sale of rubber tires and rims by the Kokomo Company was not unlawful so far as the holder of that patent was concerned. I am of the opinion that this decree conferred and confers no right on the Kokomo Company to perpetually and forever infringe the Grant patent now that it has been held valid by the Supreme Court of the United States whose decision must be the supreme law of the land. Clearly, to my mind, it confers no right on the Diamond Rubber Company of New York, the petitioner for intervention here, to purchase and sell rubber tires or rims or rubber tired wheels made by the Kokomo Company which in fact infringe the Grant patent, for as to it the Supreme Court of the United States has decided, in a case where it was sued for infringing that patent and where its validity was directly in issue, that the patent is valid, and that the Diamond Rubber Company has no right to make or sell articles covered by it. The exception in the decree of the Circuit Court of Appeals, Second Circuit, went to the terms and extent of the injunction to issue under it, and the effect of its decree as a whole was to reserve the question here in issue. This is held by the Supreme Court as before stated. In short, unless the decree in the Circuit Court of Indiana, referred to, is a protection to the Kokomo Company and all who purchase and sell tires and rims of its make wherever located and dealing in them, the Diamond Rubber Company of New York and these defendants, Seim and Reissig, are infringers when they purchase and sell and use the articles mentioned in the state of New York, especially those made or purchased and sold here since the de-

cree of the Circuit Court of Appeals, Second Circuit, and its affirmance by the Supreme Court. To hold otherwise is to fail to give full force and effect to the decision of the Supreme Court of the United States. To hold that the Diamond Rubber Company of New York, as to which company the Grant patent has been held valid in a suit wherein that company was defendant by the Supreme Court of the United States, is at liberty to purchase and sell these tires and rims throughout the United States, is to say that the patent is invalid as to that company by reason of the decree of the Circuit Court in the district of Indiana, a subordinate court, as to all articles made and sold by the Kokomo Company in whose hands soever they go and to my mind is extending the doctrine of Kessler v. Eldred, supra, far beyond its legitimate scope, and the intent of the court which pronounced the judgment in that case. I do not think that either the Diamond Rubber Company of New York or these defendants is in privity with the Kokomo Company. True, they purchase rubber tires and rims from the company directly or indirectly, but such tires and rims were not the subject of that action or involved in it as they were not then in existence.

[4] They were not parties to that suit in Indiana or represented by any one who was a party. They had no interest in it. The term "privity" denotes mutual or successive relationship to the same rights of property. Litchfield v. Goodnow (and cases cited), 123 U. S. 549, 551, 8 Sup. Ct. 210, 31 L. Ed. 199. It does not satisfactorily appear here that the alleged infringing wheels, or parts thereof, handled and sold by these defendants, were made or sold by the Kokomo Company at any time, or prior to the decision by the Supreme Court. In fact, there is stamped on the tire itself as maker thereof the name of another company. I do not think the intervention should be permitted for this additional reason, viz., it is not made to appear that the tires and rims and wheels used and sold by these defendants were made by the Kokomo Company, and there is substantial evidence that they were not made by that company. There is no suggestion that they were made by either of the other companies as to which this patent has been held invalid.

For these reasons, the petition for leave to intervene is denied, and the motion for a preliminary injunction is granted.