HURD et al. v. WOODWARD CO.

(Circuit Court, N. D. New York. September 11, 1911.)

PATENTS (§ 327*)—SUIT FOR INFRINGEMENT—EFFECT OF PREVIOUS CONFLICTING ADJUDICATIONS.

While a decree of a Circuit Court in an infringement suit against the manufacturer of an alleged infringing article, holding the patent invalid, not appealed from, protects the defendant therein from further suits for infringement of such patent, it affords no protection to its customers or purchasers from them of articles subsequently made by such defendant which infringe the patent, if valid, in vending or using the same, where its validity has been adjudicated by other decisions, affirmed by the Supreme Court of the United States.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 327.*

Operation and effect of decision in equitable suit for infringement, see note to Westinghouse Electric & Mfg. Co. v. Stanley Instrument Co., 68 C. C. A. 541.]

In Equity. Suit by James D. Hurd, the Consolidated Rubber Tire Company, and the Rubber Tire Wheel Company against the Wood-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ward Company. On motion for preliminary injunction. Motion granted.

Walter E. Ward, for complainants.
Offield, Towle, Graves & Offield, for defendant.

RAY, District Judge. The complainants, licensees and owners of the Grant patent, No. 554,675, dated February 18, 1896, for rubber-tired wheel, sue the defendant, the Woodward Company, of the city of Albany, N. Y., for infringement of such patent, and pray a preliminary injunction, as it is conceded by the defendant for the purposes of this motion (quoting from defendant's brief) "that the alleged infringing construction complained of—i. e., that upon which the complainants have based their motion—falls within the scope of the claims of the patent in suit."

Assuming the patent to be valid, and its validity has recently been adjudicated and declared by the Supreme Court of the United States in a case wherein the owners of the patent were complainants and the Diamond Rubber Company was defendant, the complainants are therefore entitled to a preliminary injunction, unless the following facts, which are not denied, protect this defendant, the Woodward Company, in using, dealing in, and selling such articles: The patent is for a combination of wheel, metal rim thereon, and rubber tire carried by such rim. The Kokomo Rubber Company, of Kokomo, state of Indiana, makes and sells, and for years has made and sold, the rubber tires within and covered by the claims of the patent, and which are a plain infringement thereof, if the patent is valid as to such company. It makes and sells such rubber tires for use in and on rubber-tired wheels, although it does not make or sell the rims or mount the tires on wheels. The Kokomo Company is therefore, or, but for facts to be stated, would be, what is known as a "contributory infringer."

Some years ago the owner of the patent sued the said Kokomo Company for infringement of the Grant patent in making and selling such tires for the purpose mentioned in the Circuit Court of the United States for the District of Indiana. The Kokomo Company defended the suit, and, it is argued, set up and alleged, in defense, the invalidity of the patent, want of novelty, etc., amounting to patentable invention, and that the said Circuit Court on a full and a fair hearing made and entered a decree in that suit adjudging the patent invalid. That this was so is not satisfactorily shown, as will appear later. The suit was dismissed for want of equity, but whether for noninfringement or invalidity of the patent does not appear from the part of the record presented. An appeal was taken, but same was not prosecuted, and later was dismissed, so that such decree has stood and stands, as between the parties thereto, in full force and effect, not opened, vacated, or appealed from. Since that time the Kokomo Company has continued to make and sell such tires in different parts of the United States, and its vendees thereof have sold and used same.

Other parties made and sold such tires in defiance of the patent, and a suit was brought in the Circuit Court of the United States by the Consolidated Rubber Tire Company and Rubber Tire Wheel Com-

pany, owners of the patent, against the Diamond Rubber Company of New York for infringement of the patent in selling and using, or at least selling, such infringing tires. The Diamond Rubber Company, defendant, defended on the ground that the patent was invalid; but the Circuit Court in the Southern District of New York held the said Grant patent valid and granted an injunction, which decree was affirmed by the Circuit Court of Appeals, Second Circuit, but that court modified the injunction directed, so it should not embrace rubber tires made by the Kokomo Company (and two other companies, as to which the patent had been held invalid). A writ of certiorari was granted by the Supreme Court of the United States, and that court, as stated, affirmed the decree of the Circuit Court of Appeals, Second Circuit, and in its opinion, speaking of the exception of the Kokomo and other companies from the operation of the injunction, said that the Circuit Court of Appeals in effect had reserved the question whether or not the decree of the Circuit Court in the District of Indiana (and other circuits), holding the patent invalid, protected purchasers and users of such tires made by the Kokomo Company from the charge of infringement of the Grant patent. The Kokomo Company is not a licensee, but makes and sells the tires covered by and within the claims of the Grant patent under the protection of the decree of the Circuit Court, District of Indiana, referred to.

The said Diamond Rubber Company of New York is a dealer in such tires, and now purchases them of the said Kokomo Company and sells them to the defendant company. The Woodward Company purchases from the Diamond Rubber Company, not from the Kokomo Company direct. In any event the tires sold and used by this defendant, and complained of, are made by the said Kokomo Company in Indiana, and shipped to New York, and sold to the said Diamond Rubber Company, and then sold by it to the Woodward Company in this state, which company uses and sells same.

Defendant claims that, as the said decree of the Circuit Court of the United States in the District of Indiana in the suit referred to frees all tires made by the Kokomo Company from the monopoly of the Grant patent, when made, such tires cannot be brought under the monopoly of the patent in New York by being brought and sold here, and when sold to and in the hands of users and dealers here in New York; that, once free from the monopoly of the patent, they remain free therefrom in whose hands soever they come or are found. These tires complained of were not made at the time the Indiana decree was pronounced. Neither the Diamond Rubber Company nor the defendant, the Woodward Company, were parties to that suit. The Diamond Rubber Company is not purchasing and selling to the defendant company tires made by the Kokomo Company and complained of in the Indiana suit. The question is, therefore: Can and do dealers in and users of rubber tires anywhere and everywhere in the United States escape the charge and consequences of infringement of the Grant patent by purchasing, using, and selling tires now made by the Kokomo Company? If so, then, as said by this court in Hurd et al. v. Seim et al. (recently decided) 189 Fed. 591, the Kokomo Com-

pany, aside from granting licenses, has the same right and privilege to make and sell these tires, covered by the Grant patent, that owners of the patent possess, and may confer the same right of use and sale on all who purchase rubber tires of its make from it.

I do not think this contention can be sustained. Concede that the Kokomo Company is fully protected by the Indiana decree in continuing to make these tires, and even in selling them, it by no means follows that purchasers from it and purchasers from those purchasers are protected; that dealers throughout the United States may purchase from the Kokomo Company tires of its make, and flood the markets, and fix the price, and in a great measure destroy the value of the patent to the owners thereof. I think full faith and credit can be given that Indiana decree, within the meaning of the Constitution and laws, without carrying its effect to any such extent. At the time that suit in the Indiana circuit was commenced, the Kokomo Company was engaged in making and selling rubber tires for rubber-tired wheels, which tires were covered by and within the claims of the patent. The complainants alleged that they owned the Grant patent, and that such rubber tires did infringe that patent. Under the statute it was a defense to it, as to such acts, for the Kokomo Company to show, if it could, that the patent was invalid, in which case there would be no infringement. That defense was sustained, I assume, and hence the bill was dismissed. As it was in no way reviewed, that decree, as between the owners of the patent and the Kokomo Company, became a final adjudication that the patent was invalid. So long as that decree stands, no action can be sustained against the Kokomo Company for an infringement of that patent. But it gave no license to the customers of the Kokomo Company to make and sell tires which infringed that patent, assuming its validity, and, if one of the Kokomo's customers had done so, the owner of the patent could have sued him, and to defend successfully he would have been compelled to establish the invalidity of the patent, and proof of the decree in favor of the Kokomo Company would not have established that fact in his favor. I think this demonstrates that the decree referred to in favor of the Kokomo Company has no effect as res adjudicata, or a prior judgment or decree, in favor of the customers of the Kokomo Company, so far as the question of the validity of the patent is concerned.

The Supreme Court of the United States has decreed against the Diamond Rubber Company directly that the patent is valid, and, while other parties may on new or additional evidence contest its validity, it should be held presumptively valid as to all persons and corporations not protected by a decree in their favor declaring its invalidity. In face of the decree of the Supreme Court of the United States, wherein the Diamond Rubber Company was defendant, holding that patent valid, it is clear that company cannot allege its invalidity. The Kokomo Company, if sued for infringement of this patent, can say it has been adjudicated, in a suit by the owner of the patent against us, that the patent is invalid, and therefore we cannot infringe. However, this adjudication of invalidity does not protect the present

customers of the Kokomo Company, as they were not parties to the suit, or in any way privies. They have not succeeded in title to any property or property right which was the subject-matter of that suit. That decree said to the Kokomo Company: You have not infringed, for the reason the patent is invalid. It said to the Kokomo Company: The articles you have made do not infringe the Grant patent, for the reason the patent is invalid. For this reason the articles made by it did not infringe so far as the Kokomo Company was concerned, and probably purchasers from that company of articles then made who succeeded to the property held not to infringe the patent were and are protected against the charge of infringement. But articles made since that time, not then in existence, were not the subject of that suit or in any way in question. This defendant does not own, and is not selling, using, or dealing in, articles which were in question in that suit.

I think I am at liberty to hold, and that it is my duty to hold, that the Grant patent is valid as to the Diamond Rubber Company and the defendant company, the Woodward Company, and that the tires it is selling infringe that patent, and that the decree referred to, dismissing the bill against the Kokomo Company, does not protect the defendant in selling them, even though it appears that they were made by the Kokomo Company. The Diamond Rubber Company, which purchases these tires from the Kokomo Company and sells them to the Woodward Company, was the defendant in the suit decided by the Supreme Court of the United States, and the patent was held valid as to such company. True, the injunction granted, as modified by the Circuit Court of Appeals, said:

"Nothing in this injunction shall prevent, or is intended to prevent or enjoin, this defendant (Diamond Rubber Company) from handling, using, and selling rubber tires and rims covered by the Grant patent, manufactured by the Goodyear Tire & Rubber Company, having a right to manufacture, use, and sell such tires under a judicial decree in the federal courts of the Sixth circuit, or manufactured by the Kokomo Rubber Company, having a right to manufacture, use, and sell such tires under a judicial decree in the district of Indiana, Seventh circuit, or manufactured by the Victor Rubber Tire Company under a judicial decree in a litigation in the federal courts in the Sixth circuit, wherein in such litigation it has been judicially determined that the said Grant patent is invalid and void."

This is far from an adjudication or determination that dealers, who purchase from the Kokomo Company tires of its make, may sell again generally in the trade without being guilty of infringement. The Supreme Court, in its opinion, said this was a mere reservation of the question. The Indiana decree referred to did not grant any right to the Kokomo Company to makes these tires. It simply said that it did not infringe, for the reason the patent was invalid. That decision is a shield to the Kokomo Company against prosecution for its acts, but not a sword which it can use to destroy the rights of the patentees or owners of the patent against others, or the rights of Hurd, a prior licensee. The decree of the court in the Kokomo Case does not show that the court held the patent invalid. The papers before me present the bill of com-

plaint, but not the answer. There is no opinion of the court. The decree, so far as material here, reads:

"And this cause having been submitted to the court upon the pleadings, testimony, and exhibits, and the court having heard the argument of counsel and duly considered the same, and being sufficiently advised in the premises, finds that the equity of this cause is with the defendants. It is therefore ordered, adjudged, and decreed by the court that the bill of complaint herein be and the same is hereby dismissed for want of equity."

There is an affidavit that the court found the patent invalid. This is not the best evidence. It is strange that the answer is not presented with the opinion, or proof that no opinion was filed. I do not see that on the face of the record it appears that the court held the patent invalid. The decree may have gone on the ground of no infringement merely. However, I have assumed the affidavit states correctly the ground on which the court decided the case. This decree on its face, and the record presented, fail to show a judgment or decree of the court that the patent is invalid. It adjudicates no such fact, and the record fails to show that any such fact was ever found by the court. I decline to find it on a simple affidavit, which is but an expression of opinion. If there was any opinion, it should be presented.

Counsel for the defendant bases his whole argument on the proposition that the decree in the Circuit Court of the District of Indiana granted something, some right or privilege, to the Kokomo Company and to its customers, viz., the right to make and sell and deal in these tires made according to and within the claims of the patent. I do not so conclude. If it held the patent invalid, and based its decree on that ground, the record presented does not so show. If it merely held the articles made by the Kokomo Company were not within or covered by the patent, and based its decree on such ground, then only those articles and others like them are protected.

While the Kokomo Company does not infringe, because as to it the patent must be considered invalid, the article made, if made by another, does infringe; that is, it is an infringement of a valid patent. How can the customers of the Kokomo Company be heard to say that the patent is invalid? And how can their customers in turn assert its invalidity? As to the maker of these tires there is no valid patent, but as to the customers of such maker there is a valid patent. The patent confers on the owner thereof the sole right to make, use, and vend—except as to the Kokomo Company, as to whom there is no valid patent. These tires made by it are not licensed, unless the Kokomo decree operates as a license. I think the moment these tires now made by the Kokomo Company come into the hands of a person as to whom the patent is valid; such person violates the rights of the owners of the patent by using or vending same. The Kokomo Company cannot vend its immunity from prosecution or its decree in its favor that the patent is invalid. It is not assignable to any one. Does the immunity pass with articles made by the Kokomo Company—attach itself to them?

The consequences to the owners of patents will be somewhat serious and destructive of their rights, if it is held that such a decree confers on an infringer the right to make and sell, and on all his customers, and on those to whom such customers sell, the absolute right to sell and use the articles so made. If it so happens, and it not infrequently does happen, that a patent is infringed and held invalid in a suit against such infringer, and an appeal is taken to the Circuit Court of Appeals of the circuit, and the decree is affirmed, and certiorari to the Supreme Court is denied, and time for all review is gone, and then the same thing occurs in another circuit, except that the decision is the other way, and certiorari is granted, and the holding that the patent is valid is affirmed, the infringer in the first case mentioned, through no fault of the owner of the patent, will have become possessed, except as to granting licenses to manufacture, of all the rights the owner himself possesses. He can manufacture and sell ad libitum, and supply dealers, who in turn will supply the market, cut prices, and destroy or greatly impair the value of the patent to the owner and Hurd, a prior licensee. I am not prepared to give to such a decree any such effect.

The motion for a preliminary injunction is granted.