HURD et al. v. JAMES GOOLD CO.

(District Court, N. D. New York. July 12, 1912.)

1. PATENTS (§ 327*)—INFRINGEMENT—CONFLICTING DECISIONS IN DIFFERENT CIRCUITS.

Decisions of the federal courts in certain circuits holding a patent void in suits against manufacturers of articles which infringe if the pat-

---

ent is valid, although not appealed from, cannot protect purchasers of such infringing articles from the defendants in such suits in vending the same in another circuit after the Supreme Court has adjudged the patent valid, as against an exclusive licensee who acquired his rights before such decisions were rendered.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

**2.** PATENTS (§ 289*)—SUIT FOR INFRINGEMENT—LACHES.

The owner of a patent or a licensee thereunder is not barred by laches from maintaining a suit for infringement because of delay during the time the patent was being litigated in other suits, and especially where the decisions as to its validity were conflicting.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 467–469; Dec. Dig. § 289.*

Laches as a defense in suits for infringement of patents, see notes to Taylor v. Sawyer Spindle Co., 22 C. C. A. 211; Richardson v. D. M. Osborne & Co., 36 C. C. A. 613.]

**3.** PATENTS (§ 328*)—INFRINGEMENT—RUBBER TIRED WHEEL.

The Grant patent, No. 554,675, for a rubber tired wheel, construed, and *held* infringed.

**4.** PATENTS (§ 327*)—SUITS FOR INFRINGEMENT—PARTIES.

That the owner of a patent who joins with an exclusive licensee in certain territory in a suit for infringement within such territory has been enjoined in another jurisdiction from prosecuting such suit does not affect the right of the licensee, who may maintain the suit alone.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

In Equity. Suit by James D. Hurd, Consolidated Rubber Tire Company, and the Rubber Tire Wheel Company against James Goold Company. On motion for preliminary injunction. Motion granted.

Walter E. Ward, of Albany, N. Y., for the motion
H. A. Toulmin, of Dayton, Ohio, opposed.

RAY, District Judge. The validity of the Grant patent, No. 554,675, dated February 18, 1896, for rubber tired wheel, has been declared by the Supreme Court of the United States in Diamond Rubber Co. of New York v. Consolidated Rubber Tire Co. and Rubber Tire Wheel Co. (April 10, 1911) 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527. Prior to this decision the lower courts had differed as to the validity of this patent, and while in the Second circuit it had been held valid, in the Indiana circuit (Circuit Court) and in the Sixth circuit (Goodyear Tire & Rubber Co. v. Rubber Tire Wheel Co., 116 Fed. 363, 53 C. C. A. 583), the patent was held invalid. Also in Rubber-Tire Wheel Co. v. Victor Rubber-Tire Co., 123 Fed. 85, 59 C. C. A. 215, which followed 116 Fed. 363, 53 C. C. A. 583, the patent was held invalid. In the circuits where the patent was held invalid, infringers (under the decision of the Supreme Court of the United States), relying on the decisions of the courts in their respective circuits, continued to make the rubber tires and wheels, and still continue to do so, and to vend same to parties residing in other circuits, notably the Second circuit, where

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the patent has always been held valid, and these parties use and sell same; and purchasers from these parties use and sell same. The contention is that the Kokomo Company is protected by the Indiana decree, and that the Goodyear Rubber & Tire Company is protected by the decree of the Circuit Court of Appeals referred to, in making and selling the infringing wheels and tires, as such decrees are valid and in full force, not having been reversed, and that in spite of the decision of the Supreme Court in 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527, rubber tired wheels and rubber tires made in such circuits by said companies and sold there f. o. b. to parties residing in the Second circuit and who there use and vend same, are freed from the monopoly of the patent, and that the use and sale of such articles (which otherwise infringe) in the Second circuit by such purchasers and those who purchase from them, is not and cannot be an infringement. The backbone of this contention is that the decision of the Supreme Court of the United States holding this patent valid and the tires and wheels made by the Kokomo Company and the Goodyear Tire & Rubber Company infringements of such patent, if not freed from the monopoly by the unreversed decrees referred to, cannot be invoked by the owner of the patent or his licensee (James D. Hurd being a licensee) as against articles made by such companies, as they are protected by the said unreversed decrees to which full faith and credit must be given everywhere, as to articles made and sold by them by whomsoever used and sold. That is, the contention is that the decision of the Supreme Court of the United States referred to has no force or effect whatever anywhere in the United States as to the wheels and tires made by the companies referred to according to the patent referred to.

[1] I have already held and adhere to the decision that the decision of the Supreme Court of the United States in the case referred to (220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527) is the supreme law of the land as to the validity of the Grant patent, and that it protects Hurd in his rights against all persons who in his territory, New York, make and sell, or make or sell, infringing wheels and tires or tires, whether made and put on the market by the Kokomo Company or by the Goodyear Tire & Rubber Company. If Hurd, who had his license before the decrees referred to were pronounced, and who was not a party thereto, is not protected by the decision of the Supreme Court, his license is of little value. If the Kokomo Company and the Goodyear Tire & Rubber Company may make and sell and supply the market with wheels and tires made according to the patent everywhere, by virtue of the decrees referred to they are on an equality with the owner of the patent (aside from granting licenses) and have equal rights in New York State with Hurd, sole licensee for such territory. I find myself unable to assent to the contention of the Kokomo Company, the Goodyear Tire & Rubber Company, and the defendant here which uses and sells the tire made by said Goodyear Company.

[2] The James Goold Company presents some new questions as an answer to the granting of the injunction prayed for. First, it says

that the James Goold Company has been buying, selling, and using these solid rubber tires since January, 1901, openly and to the knowledge of Hurd, the complainant, and that no suit has been brought to restrain such acts. The answer to this is that, during the litigation which went to the Supreme Court of the United States in which the validity of the Grant patent was being tested especially in view of the decisions in other Circuit Courts of Appeal against the validity of the patent, Hurd was justified in suspending action. He has acted promptly since the judgment of that court was pronounced. For this reason National Co. v. Union Co. (C. C.) 143 Fed. 342, 346, and Gilmer v. Geisel (C. C.) 168 Fed. 313, are not applicable.

[3] Second, defendant says that the tires sold by the James Goold Company do not infringe for the reason that the two steel wires which pass through the rubber are drawn as tightly as possible without breaking them, and so tightly that the tires cannot tip sidewise in the channel iron when such rubber tire meets a side thrust, such as a blow by striking a solid stone in the roadway, and that the decision in the Supreme Court went on the ground that the said retaining wires would permit the rubber tire proper to tip sidewise in such channel irons under such circumstances. See 220 U. S. 428, 433, 31 Sup. Ct. 444, 55 L. Ed. 527, and Consolidated Rubber Tire Co. et. al. v. Firestone Tire & Rubber Co., 151 Fed. 237, 80 C. C. A. 589. The defendant quotes Mr. Goold: .

" X. Q. 43. Do you use a machine for drawing those wires as tightly as you can without breaking them, so as to clamp the rubber firmly in the channel iron so tightly that it cannot lift its base from the channel (iron) in use? Do you do that? A. Yes, sir.

I do not think this, assuming it to be absolutely true, avoids infringement. I do not think the Supreme Court of the United States intended to hold, or that it did hold, that the validity of the Grant patent depends on the fact (here alleged) that the rubber tire would tip sidewise on meeting an obstruction or blow from an obstruction *as the vehicle was being driven along the roadway; and lift its base from the iron channel or rim in which it is placed; and which rim* is on the felloes of the wheel. If such is the construction of the Grant rubber tired wheel, and if such is its operation when in actual use, the structure is and must be inoperative and worthless. If this rubber tire, every time it is struck a severe blow by meeting an obstruction, tips sidewise and lifts from its base or resting place in the channel iron in which it rides, or is carried, the dust, dirt, and mud would enter the space so that the rubber tire would no longer rest in and on the channel iron but in and on the interposed dirt or mud which would be falling out to be replaced by other dirt, and the tire would also "creep" in the channel iron and soon wear out and become useless. This is obvious to a person who has ever used such vehicles and such or similar tires. It is true that the Grant rubber tire tips sidewise on striking an obstacle, but it does not lift its base from the channel iron. Both rubber tire and the steel wires are springy and resilient. They give, and the rubber lifts or springs away from the blow; but it does not lift its base

from the channel iron unless possibly on rare occasions on meeting with too severe a blow.

[4] Third, It is urged that in Ohio the complainants Consolidated Rubber Tire Company and the Rubber Tire Wheel Company are under injunction which forbids them to prosecute this action. That is immaterial so far as the complainant James D. Hurd is concerned. He can maintain this action alone, and is entitled to be protected in his territory in his rights, and the injunction prayed for will protect him and him alone. The district court in Ohio in the action referred to did not obtain jurisdiction of Hurd, and it did not assume to enjoin him from prosecuting this action in this court.

The defendant here, on the main question, urges the doctrine of Keeler v. Standard Folding Bed Co., 157 U. S. 659, 15 Sup. Ct. 738, 39 L. Ed. 848. That is not this case, and even there Mr. Justice Brown, Mr. Justice Field, and Chief Justice Fuller dissented. Full faith and credit can be given the decrees mentioned without holding that the Kokomo Company and the Goodyear Tire & Rubber Company have the right as against Hurd in New York, not a party to such decrees and who obtained his rights under the Grant patent now held valid by the supreme law of the land before those actions were commenced, to sell such infringing tires in New York and confer the right on their vendees doing business in New York to vend and use them there. And I do not think Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, seriously conflicts with these views. The question has been certified to the Supreme Court of the United States, and this court adheres to its opinion heretofore expressed in Hurd v. Seim et al. (C. C.) 189 Fed. 591, and Hurd v. Woodward Co. (C. C.) 190 Fed. 28. See Hurd v. Seim Co., 191 Fed. 832, 112 C. C. A. 349.

On the motion of the complainant Hurd alone, there will be an injunction as prayed for on condition that the complainant Hurd execute a bond approved by this court in the sum of $1,500 to pay all damages the defendant may sustain by reason thereof in case it is held such decrees protect the defendant.